IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ONLINE RESOURCES CORPORATION and ACI WORLDWIDE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> JOAO BOCK TRANSACTION SYSTEMS, LLC, <br><br> Defendant. | Case No. _____ |

**COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY JUDGMENT OF INVALIDITY AND NON-INFRINGEMENT OF PATENT,
DEMAND FOR JURY, AND
REQUEST FOR JURY TRIAL IN OMAHA**

Plaintiffs, Online Resources Corporation ("ORCC") and ACI Worldwide, Inc. ("ACI") (collectively, "Plaintiffs"), file this Complaint against Defendant Joao Bock Transaction Systems, LLC ("JBTS") seeking relief for breach of contract as well as declaratory judgment of non-infringement of patent and invalidity of the same patent. In further support of this Complaint, Plaintiffs allege as follows:

**NATURE OF THE ACTION**

1. This action is based on breach of contract under Nebraska law as well as declaratory judgment of non-infringement and invalidity of a patent under the patent laws of the United States, Title 35 of the United States Code. ACI and JBTS entered into a License, Settlement, and Release Agreement ("Agreement") on or about November 13, 2012, which included, among other things, a license of certain intellectual

property, including JBTS' United States Patent No. 7,096,003 titled "Transaction Security Apparatus" (hereinafter "the '003 Patent"), as well as a release of all related claims and a covenant not to sue regarding the same. The terms of the Agreement are confidential and therefore the Agreement is not attached to this Complaint but will be submitted to the Court under seal. A copy of the '003 Patent is attached hereto as Exhibit "A" and incorporated by reference. ORCC is a wholly-owned subsidiary of ACI and is expressly entitled to the benefit of the Agreement, and ACI and ORCC have so advised JBTS. JBTS wrongfully filed suit against ORCC in federal court in New York for infringement of the '003 Patent. Accordingly, ORCC and ACI seek (i) damages, fees and injunctive relief against JBTS for breach of the Agreement; (ii) declaratory judgment that ORCC and ACI do not directly or indirectly infringe the '003 Patent; and (iii) declaratory judgment that the '003 Patent is invalid.

## THE PARTIES

2. ORCC was a publicly traded Delaware corporation with its principal place of business in Chantilly, Virginia. ACI acquired ORCC and its subsidiaries through a merger on March 11, 2013. As a result, ORCC was delisted and continues to exist as wholly-owned subsidiary of ACI.

3. ACI is a Delaware corporation with its principal place of business in Naples, Florida and with offices in Elkhorn, Nebraska. ACI is a leading provider of online banking and related products to numerous financial institution customers throughout the United States.

4. JBTS is a limited liability company organized under the laws of the state of Delaware, with a principal place of business located in Yonkers, NY 10704. JBTS is a non-operating patent owner, or "patent troll," that receives a substantial portion of its

income by threatening or instituting legal action to enforce dubious patent rights against productive businesses.

## JURISDICTION AND VENUE

5. This is a civil action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 seeking a declaration of non-infringement and invalidity of the '003 Patent, and thus also arises under the United States patent laws, 35 U.S.C. § 271 *et. seq.* This is also a civil action for breach of contract under Nebraska law.

6. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 and § 1338(a) as well as § 1332.

7. This Court has personal jurisdiction over JBTS because JBTS expressly consented to the jurisdiction of this Court in the Agreement, which states that all disputes and litigation regarding the Agreement, its construction and matters connected with its performance be subject to the exclusive jurisdiction of the state and federal courts in the District of Nebraska and that any disputes, matters of interpretation, and enforcement actions arising with respect to the subject matter of the Agreement be submitted exclusively to the state and federal courts in Nebraska.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)-(c) and because in the Agreement JBTS waived any challenge to jurisdiction or venue of this Court.

9. This Court can enter the declaratory relief sought by ORCC and ACI in this Complaint because an actual, live, and justifiable controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201 and

because JBTS consented in the Agreement to resolve all disputes regarding the Agreement before this Court.

## BACKGROUND

*The Agreement Between ACI and JBTS*

10. JBTS claims to own certain Intellectual Property,[1] which includes the '003 Patent. The '003 Patent is the first patent listed in Schedule 1 of the Agreement showing the JBTS patents subject to the Agreement.

11. JBTS previously claimed that ACI and its related entities and customers infringed JBTS' Intellectual Property rights. ACI denied and continues to deny any infringement or liability for any infringement, and it contests the validity of the '003 Patent.

12. ACI sought to obtain for itself, its affiliates, related entities, and its customers, a variety of rights including, among other things, a license, a comprehensive general release, a covenant not to sue, and the choice of a Nebraska forum to resolve all future disputes.

13. ACI paid JBTS a substantial sum in exchange for obtaining such rights.

*ACI's Merger with ORCC*

14. On or about March 11, 2013, ACI acquired ORCC and its subsidiaries through a short-form merger. As a result, ORCC continues to exist as a wholly-owned ACI subsidiary.

---

[1] Unless otherwise defined herein, all capitalized terms used herein shall have the meaning ascribed to them in the Agreement.

15. As a result of the above-referenced merger, ORCC became a part of ACI such that for the purposes of the Agreement, ORCC enjoys the benefits of the rights and protections therein.

16. Furthermore, ORCC is an intended third-party beneficiary of the Agreement, and as such has standing to enforce the rights and obligations set forth in the Agreement.

*JBTS' Lawsuit against ORCC for Infringement of the '003 Patent*

17. On June 18, 2013, JBTS filed a lawsuit against ORCC in the United States District Court for the Southern District of New York, Case No. 1:13-cv-4224, claiming infringement of the '003 Patent by ORCC (hereinafter, the "New York Lawsuit").

18. On or about April 24, 2013, JBTS informed ACI by email that JBTS was considering filing suit against ORCC for infringement of the '003 Patent. In response, ACI informed JBTS that because it had merged with ORCC, any alleged infringement was covered by the Agreement.

19. JBTS nonetheless ignored ACI and the terms of the Agreement and filed the New York Lawsuit against ORCC as alleged herein.

20. After receiving informal notice of the New York Lawsuit, ACI sent notice to JBTS on July 10, 20103, pursuant to the Agreement that JBTS had sued ORCC in violation of the Agreement, and demanding that the New York Lawsuit be dismissed.

21. JBTS has not dismissed the New York Lawsuit, and has instead indicated a clear intent to proceed as evidenced by its act of filing the New York Lawsuit despite ACI explaining the merger and its acquisition of ORCC and the corresponding effect pursuant to the Agreement.

## FIRST CLAIM
## BREACH OF CONTRACT AGAINST JBTS

22. Plaintiffs incorporate paragraphs 1 through 21, inclusive, as if fully set forth herein.

23. JBTS agreed to license, release, and covenant not to sue for all matters relating to the '003 Patent and ACI. Through the merger, ORCC enjoys protection under the Agreement.

24. JBTS breached the Agreement by filing the New York Lawsuit against ORCC and it further breached the Agreement by refusing to dismiss the same when requested by ACI and ORCC to do so.

25. As a direct and proximate result of JBTS' breach of the Agreement, ACI has been and will be damaged in at least failing to receive the benefit of the bargain for which it paid substantial consideration under the Agreement, in an amount to be finally determined at trial. ACI also seeks specific performance of the Agreement by the Court ordering JBTS to dismiss the New York Lawsuit and to forever refrain from making any infringement claim based on ACI or ORCC's conduct and the '003 Patent.

26. As a direct and proximate result of JBTS' breach of the Agreement, ORCC has been and will be damaged in at least the amount of defense costs related to and arising out of the New York Lawsuit, in an amount to be finally determined at trial. ORCC also seeks specific performance of the Agreement by the Court ordering JBTS to dismiss the New York Lawsuit and forever refrain from making any infringement claim based on ORCC's conduct and the '003 Patent.

27. ACI paid a substantial "License Fee," as that term is defined in the Agreement, and therefore has complied with all conditions precedent to JBTS' duties under the Agreement.

WHEREFORE, Online Resources Corporation and ACI Worldwide, Inc. respectfully pray for judgment in their favor and against Joao Bock Transaction Systems, LLC, on their breach of contract claim in at least the following particulars:

a. That the Court find JBTS in breach of the Agreement;

b. That the Court order JBTS to specifically perform under the Agreement by dismissing the New York Lawsuit;

c. That the Court permanently enjoin JBTS and its successors and assigns, and anyone acting in concert therewith or on its behalf, from enforcing or attempting to enforce the '003 Patent against ORCC or ACI or any of their parents, affiliates, subsidiaries, successors, assigns, or customers, or any of their corresponding officers, agents, employees, successors, customers, and assigns;

d. That the Court award ORCC and ACI damages in an amount to be finally determined at trial for JBTS filing the New York Lawsuit without making reasonable inquiry and proper determination under the circumstances that the lawsuit was filed without any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; that the claims and other legal contentions were warranted by existing law or by nonfrivolous arguments; and that the factual contentions have evidentiary support;

e. That the Court award ORCC and ACI damages for at least the amount of defense costs that they have and will incur in the New York Lawsuit and in an amount to be finally determined at trial for JBTS filing the New York Lawsuit in breach of the Agreement; and

f. For such other, further, and different relief as to the Court seems just and equitable.

## SECOND CLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '003 PATENT

28. Plaintiffs incorporate paragraphs 1 through 27, inclusive, as if fully set forth herein.

29. ORCC provides online banking products to financial institution customers throughout the United States, both of which JBTS has accused of infringement of the '003 Patent. ORCC and ACI deny any such infringement.

30. Given the allegations made by JBTS against ORCC's online banking products, and given the merger of ORCC and ACI, both ORCC and ACI are real parties-in-interest with respect to JBTS' infringement claims. Contrary to JBTS' allegations, however, ORCC and its customers do not infringe and have not infringed, either directly or indirectly, the '003 Patent. ORCC enjoys the benefit of the the Agreement, and as such both ORCC and its customers have a right to use the '003 Patent without interference by JBTS, to the extent any such use exists.

31. ORCC does not make, use, offer for sale, sell, import, or export, and has not ever made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus that infringes, either directly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '003 Patent, either literally or under the doctrine of equivalents.

32. An actual, live, and justifiable controversy exists between Plaintiffs and JBTS concerning the non-infringement of the '003 Patent.

33. Accordingly, ORCC and ACI seek and are entitled to a judgment against JBTS that ORCC's online banking products have not infringed and do not infringe,

either directly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '003 Patent, either literally or under the doctrine of equivalents.

### THIRD CLAIM
### DECLARATORY JUDGMENT OF INVALIDITY OF '003 PATENT

34. Plaintiffs incorporate paragraphs 1 through 33, inclusive, as if fully set forth herein.

35. JBTS contends that the '003 Patent is valid.

36. ORCC and ACI deny JBTS' contention and allege that the '003 Patent is invalid. The '003 Patent is invalid for failure to meet at least one of the conditions of patentability specified in Title 35 of the United States Code. No claim of the '003 Patent can be validly construed to cover any products and/or products imported, made, used, sold, or offered for sale by ORCC.

37. An actual, live, and justifiable controversy exists between Plaintiffs and JBTS concerning the validity of the '003 Patent.

### EXCEPTIONAL CASE FINDING

38. Because this matter constitutes an exceptional case under 35 U.S.C. § 285, ORCC and ACI seek an award of their reasonable and necessary attorneys' fees.

WHEREFORE, Online Resources Corporation and ACI Worldwide, Inc. respectfully pray for judgment in their favor and against Joao Bock Transaction Systems, LLC, on their claims for declaratory relief as follows:

    a. Declaring that ACI and ORCC have not and do not infringe any claim of the '003 Patent in any manner;

    b. Declaring that while ORCC existed before the merger, it did not infringe any claim of the '003 Patent, and that it does not infringe the '003 Patent after the merger with ACI;

c. Permanently enjoining JBTS and its successors and assigns, and anyone acting in concert therewith or on its behalf, from enforcing or attempting to enforce the '003 Patent against ORCC or ACI or any of their parents, affiliates, subsidiaries, successors, assigns, or customers, or any of their corresponding officers, agents, employees, successors, customers, and assigns;

d. Declaring the '003 Patent invalid;

e. Finding this case to be an exceptional case and award ORCC and ACI their costs and expenses, including reasonable attorneys' fees, pursuant 35 U.S.C. § 285 or as otherwise allowed by law; and

f. For such other, further, and different relief as to the Court seems just and equitable.

**DEMAND FOR JURY AND REQUEST FOR JURY TRIAL IN OMAHA**

Plaintiffs Online Resources Corporation and ACI Worldwide, Inc. demand a jury on all issues triable to a jury, and request that the jury trial occur in Omaha, Nebraska.

Dated this 31st day of July 2013.

        ONLINE RESOURCES CORPORATION and
        ACI WORLDWIDE, INC., Plaintiffs,

        By: _____
        Gregory C. Scaglione, #19368
        Daniel J. Fischer, #22272
        Patrice D. Ott, #24435
        KOLEY JESSEN P.C., L.L.O.
        1125 South 103rd Street, Suite 800
        Omaha, NE 68124-1079
        (402) 390 9500
        (402) 390 9005 (facsimile)
        Greg.Scaglione@koleyjessen.com
        Dan.Fischer@koleyjessen.com

        Attorneys for Plaintiffs.

4811-6915-6116.5