## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ONLINE RESOURCES CORPORATION and ACI WORLDWIDE, INC., | 8:13CV231 |
| Plaintiffs, | ORDER |
| vs. | |
| JOAO BOCK TRANSACTION SYSTEMS, LLC, | |
| Defendant. | |
| | 8:13CV245 |
| JOAO BOCK TRANSACTION SYSTEMS, LLC, | |
| Plaintiff, | |
| vs. | |
| ONLINE RESOURCES CORP., | |
| Defendant. | |

This matter is before the court on the motion of Online Resources Corporation (ORCC) and ACI Worldwide, LLC (ACI) to consolidate cases for discovery and trial and to set an answer deadline (Filing No. 12[1] in Case 8:13CV231 and Filing No. 25 in Case 8:13CV245).[2] The movants filed a brief (Filing No. 26) and an index of evidence (Filing No. 27) in support of the motion. Joao Bock Transaction Systems, LLC (Joao Bock) filed a brief (Filing No. 28) and an index of evidence (Filing No. 29) in opposition to the motion. The movants filed a brief (Filing No. 30) in reply.

## BACKGROUND

The record reflects, these cases arise from a contractual relationship between the parties concerning intellectual property including United States Patent No.

---

[1] The movants initially filed the motion (Filing No. 9) then filed an Amended Motion (Filing No. 12), the court will deny the initial motion as moot.
[2] Hereafter, the court will reference the filing numbers in Case 8:13CV245, unless stated otherwise.

7,096,003 (the '003 Patent). In November 2012, ACI and Joao Bock entered into a License, Settlement and Release Agreement concerning the '003 Patent. In March 2013, ACI acquired ORCC who continues to exist as a wholly owned ACI subsidiary. On June 18, 2013, Joao Bock filed suit against ORCC in the United States District Court for the Southern District of New York alleging infringement of the '003 Patent. Joao Bock served ORCC with the lawsuit on June 21, 2013. On July 31, 2013, ORCC requested a pre-motion conference pursuant to local rules with the court by letter. The letter suggested ORCC sought to file a motion to stay or dismiss the action. Also on July 31, 2013, ORCC and ACI filed suit against Joao Bock in the United States District Court for the District of Nebraska alleging breach of the November 2012 Agreement and seeking declaratory judgment of non-infringement and invalidity of the '003 Patent.

On August 5, 2013, Joao Bock notified the Southern District of New York court the parties jointly requested the court transfer the lawsuit to the District of Nebraska. The Southern District of New York court transferred the lawsuit to this district on August 9, 2013. After receipt of the matter, the Chief Judge in the District of Nebraska found the two lawsuits were related as defined by the local rules (NEGenR 1.4(a)(4)(C)(iii)[3]) and reassigned the transferred case to the same District Judge and Magistrate Judge pairing as the case originally filed in this district.

On October 4, 2013, ORCC and ACI filed the instant motion to consolidate in both cases. ORCC and ACI seek to have the cases consolidated for all purposes. Additionally, because ORCC has not yet filed an answer to Joao Bock's complaint, ORCC seeks to have the court set an answer date to correspond with the date Joao Bock is scheduled to file an answer in response to ORCC and ACI's complaint.

Joao Bock opposes consolidation arguing ORCC improperly filed the suit against Joao Bock because it did so without filing an answer in the earlier action and should have raised the causes of action as affirmative defenses rather than in a separate lawsuit. **See** Filing No. 28 - Brief p. 4. Joao Bock laments, "ORCC's declaratory judgment matter is also burdensome on the parties and this Court by requiring time and resources for docketing and handling filings for two cases (even at an early stage)

---

[3] "Open or closed civil cases are related when they involve some or all of the same issues of fact, arise out of the same transaction, or involve the validity or infringement of the same patent." NEGenR 1.4(a)(4)(C)(iii).

2

rather than a single case, and it is wasteful of this Court's resources." *Id.* Nevertheless, Joao Bock does not dispute the two actions involve the same parties, the same patent, and the same issues. *Id.* at 6-7. Instead, Joao Bock argues the timing is not right for consolidation because ORCC has not yet filed an answer and ORCC's lawsuit is a candidate for dismissal. *Id.* Additionally, Joao Bock contends it suffers prejudice by having to respond to ORCC's lawsuit prior to ORCC filing an answer and giving ORCC a strategic advantage. *Id.* at 7-8.

## ANALYSIS

Federal Rule of Civil Procedure 42 provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42. "Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration. The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual." 9 Charles A. Wright & Arthur R. Miller, **Federal Practice & Procedure § 2383** (2d ed. 1994). Whether to grant a Rule 42(a) motion to consolidate is within the sound discretion of the court. **United States Envtl. Prot. Agency v. Green Forest**, 921 F.2d 1394, 1402-03 (8th Cir. 1990). The "court [must] weigh the saving of time and effort that consolidation under Rule 42(a) would produce against any inconvenience, delay, or expense that it would cause . . . ." Wright & Miller, *supra*, § 2383. "[D]istrict courts generally take a favorable view of consolidation . . . ." *Id.* Furthermore, "[a]ctions involving the same parties are apt candidates for consolidation." *Id.* § 2384. However, under Fed. R. Civ. P. 42(b), consolidation is considered inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." **EEOC v. HBE Corp.**, 135 F.3d 543, 551 (8th Cir. 1998).

As noted above, these actions involve the same parties, the same patent, and the same issues. Joao Bock alleges ORCC infringed on the '003 Patent in one lawsuit, while ACI and its wholly owned subsidiary ORCC allege non-infringement and invalidity of the '003 Patent in another. In addition ACI and ORCC allege Joao Bock breached

the November 2012, Agreement by filing the first lawsuit. There can be no dispute the cases involve common questions of law and fact. This is particularly true under the circumstances here because Joao Bock actually argues ORCC should have filed an answer including the claims from the later filed lawsuit as affirmative defenses in the earlier lawsuit.

The question remains whether consolidation will lead to inefficiency, inconvenience, or unfair prejudice. Due to the similarity in the cases, the parties will present similar motions, arguments, and evidence. Consolidation will avoid duplicative parallel cases. Additionally, consolidation will avoid witnesses appearing at two separate trials to testify to the same facts. Although Joao Bock argues the later filed lawsuit is a candidate for dismissal, there is no impediment to filing a dispositive motion to narrow the issues if the cases are consolidated. Consolidation will promote the goals of efficient use of judicial resources without leading to inconvenience, delay, or additional expense.

Joao Bock will not suffer unfair prejudice from consolidation. No additional burden exists by consolidating the cases. In fact, failure to consolidate may cause the prejudice Joao Bock seeks to avoid by having to litigate the same issues twice. Joao Bock fails to show how consolidation would impair or unfairly prejudice its position.

ACI and ORCC have met their burden to show consolidation is appropriate for these actions. The cases clearly present common issues of law and fact, the cases involve the same parties, same patent, and same issues. The evidence suggests consolidation of these matters will promote judicial economy.

Although ORCC argues no rule or authority set an answer date, Federal Rule of Civil Procedure 12(a)(1)(A)(i) applies without exception. **See** Fed. R. Civ. P. 6. The facts that Joao Bock would not agree to an extension of time, the case was transferred from one district to another, and the transferee district requires pre-motion letters does not alleviate ORCC of its obligations under the unequivocal rule. Accordingly, ORCC shall file an answer forthwith. A slight difference in the answer dates will not significantly impact progression of these consolidated cases. Upon consideration,

**IT IS ORDERED**:

1. Online Resources Corporation and ACI Worldwide, LLC's Motion to Consolidate Cases for Discovery and Trial and to Set an Answer Deadline (Filing No. 12 in Case 8:13CV231 and Filing No. 25 in Case 8:13CV245) is granted as set forth herein.

2. Online Resources Corporation and ACI Worldwide, LLC's Motion to Consolidate Cases for Discovery and Trial and to Set an Answer Deadline (Filing No. 9 in Case 8:13CV231) is denied as moot.

3. ***Online Resources Corporation, et al., v. Joao Bock Transaction Systems, LLC***, Case No. 8:13CV231 is hereby consolidated for all purposes with ***Joao Bock Transaction Systems, LLC v. Online Resources Corp.***, Case No. 8:13CV245.

4. Case No. 8:13CV231 is hereby designated as the "Lead Case." Case No. 8:13CV245 hereby designated as the "Member Case."

5. The court's CM/ECF System now has the capacity for "spreading" text among the consolidated cases. If properly docketed, the documents filed in the Lead Case will automatically be filed in all Member Cases. To this end, the parties are instructed to file all further documents related to discovery (except those described in paragraph 6) in the Lead Case, No. 8:13CV231, and to select the option "yes" in response to the System's question whether to spread the text.

6. The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; or to file items related to service of process.

7. If a party believes that an item in addition to those described in paragraph 5 should not be filed in all the consolidated cases, the party must move for permission to file the item in one or more member cases. The motion must be filed in all the consolidated cases using the spread text feature.

8. Online Resources Corporation shall have until **November 1, 2013**, to file an answer or otherwise respond to Joao Bock Transaction Systems, LLC,'s complaint.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 29th day of October, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge