# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ONLINE RESOURCES CORPORATION and ACI WORLDWIDE, INC., <br>    Plaintiffs, <br><br> v. <br><br> JOAO BOCK TRANSACTION SYSTEMS, LLC, <br>    Defendant. | Case No. 8:13-cv-00231-JFB-TDT <br><br> **Lead Case** <br><br> **DEFENDANT'S ANSWERS, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** <br><br> **Jury Trial Demanded** |
| JOAO BOCK TRANSACTION SYSTEMS, LLC <br>    Plaintiff, <br><br> v. <br><br> ONLINE RESOURCES CORP., <br>    Defendant. | Case No. 8:13-cv-00245-JFB-TDT <br><br> **Member case** |

COMES NOW Defendant Joao Bock Transaction Systems, LLC (hereinafter, "JBTS" or "Defendant") to file its Answers, Affirmative Defenses and Counterclaims to respond to the "Complaint For Breach Of Contract And Declaratory Judgment Of Invalidity And Non-Infringement Of Patent, Demand For Jury, And Request For Jury Trial In Omaha" (hereinafter, "the Complaint") by Plaintiffs Online Resources Corporation (hereinafter, "ORCC") and ACI Worldwide, Inc. (hereinafter, "ACI") (collectively, "Plaintiffs"). In response, JBTS responds as follows:

## NATURE OF THE ACTION

1.    JBTS admits that Plaintiff's Complaint purports to raise a breach of contract claim under Nebraska law and seeks declaratory judgments that United States Patent No. 7,096,003

(hereinafter, "the '003 Patent" ) is invalid and not infringed by ORCC but denies that Plaintiffs are entitled to the relief they seek. JBTS admits that ACI and JBTS entered into a "License, Settlement, And Release Agreement" (hereinafter, "the Agreement") on or about November 13, 2012 that grants certain benefits to the '003 Patent to ACI. JBTS admits that the terms of the Agreement are confidential and notes that Plaintiffs have not filed the Agreement with the Court under seal as they promised. JBTS admits that Exhibit A of Plaintiffs' Complaint appears to be a copy of the '003 Patent. JBTS admits that Plaintiffs informed JBTS that ORCC is currently a wholly-owned subsidiary of ACI. JBTS denies the remaining allegations presented in paragraph 1 of the Complaint and denies that Plaintiffs are entitled to the relief they seek.

### THE PARTIES

2. Upon information and belief, JBTS admits that ORCC was a Delaware corporation with its principal place of business in Chantilly, Virginia. JBTS lacks sufficient information to form a belief about the truth of the remaining allegations presented in paragraph 2 of the Complaint, which has the effect of a denial pursuant to Fed. R. Civ. Proc. 8(b)(5).

3. Upon information and belief, JBTS admits the allegations presented in paragraph 3 of the Complaint.

4. JBTS admits that it is a limited liability company organized under the laws of Delaware with its principal place of business in Yonkers, New York. JBTS denies the remaining inflammatory and irrelevant allegations presented in paragraph 4 of the Complaint.

### JURISDICTION AND VENUE

5. JBTS admits that the Complaint seeks a declaration of non-infringement and invalidity of the '003 Patent by ORCC under 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 271 *et seq*. but denies that Plaintiffs are entitled to the relief they seek. JBTS admits that the Complaint

alleges a breach of contract under Nebraska law. JBTS denies the remaining allegations presented in paragraph 5 of the Complaint.

      6.      JBTS admits the allegations presented in paragraph 6 of the Complaint.

      7.      JBTS admits the allegations presented in paragraph 7 of the Complaint.

      8.      JBTS admits the allegations presented in paragraph 8 of the Complaint to the extent that in the Agreement specifies that venue is proper in this Court with respect to issues covered by the Agreement and pursuant to 28 U.S.C. § 1391(b) and (c). JBTS denies the remaining allegations presented in paragraph 8 of the Complaint

      9.      JBTS admits that this Court can enter the declaratory relief sought by Plaintiffs but denies that Plaintiffs are entitled to the relief they seek or any other relief.

## BACKGROUND

*The Agreement Between ACI and JBTS*

      10.      JBTS admits that it owns the "certain Intellectual Property" identified in paragraph 10 of the Complaint, which includes the '003 Patent, and that the '003 Patent is the first patent listed in Schedule 1 of the Agreement.

      11.      JBTS admits that it alleged that ACI and its related entities and customers infringed JBTS Intellectual Property rights and that ACI denied any infringement or liability for infringement. JBTS admits that, pursuant to the Agreement, ACI is not liable for any infringement of the Intellectual Property covered by the Agreement. JBTS admits that Plaintiffs now contest the validity of the '003 Patent and that they do so without a proper basis and in violation of the Agreement.

      12.      Upon information and belief, JBTS admits the allegations presented in paragraph 12 of the Complaint.

13.     JBTS admits the allegations presented in paragraph 13 of the Complaint.

*ACI's Merger with ORCC*

14.     Upon information and belief, JBTS admits the allegations presented in paragraph 14 of the Complaint.

15.     Upon information and belief, JBTS denies the allegations presented in paragraph 15 of the Complaint.

16.     Upon information and belief, JBTS denies the allegations presented in paragraph 16 of the Complaint.

*JBTS' Lawsuit against ORCC for Infringement of the '003 Patent*

17.     JBTS admits the allegations presented in paragraph 17 of the Complaint.

18.     JBTS admits the allegations presented in paragraph 18 of the Complaint.

19.     JBTS admits that it filed suit against ORCC in the Southern District of New York. JBTS denies the remaining allegations presented in paragraph 19 of the Complaint.

20.     JBTS admits the allegations presented in paragraph 20 of the Complaint.

21.     JBTS admits the allegations presented in paragraph 21 of the Complaint to the extent that it intends to pursue the "New York Lawsuit." JBTS denies the remaining allegations presented in paragraph 21 of the Complaint.

**FIRST CLAIM
BREACH OF CONTRACT AGAINST JBTS**

22.     JBTS incorporates its responses to paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23.     JBTS admits that it agreed to license, release, and covenant not to sue ACI and its Covered Affiliates for the Intellectual Property covered by the Agreement. JBTS denies that ORCC's infringement of the '003 Patent is wholly contemplated in the Agreement, denies that

ORCC enjoys complete protection under the Agreement, and denies any remaining allegations in paragraph 23 of the Complaint.

24. JBTS denies the allegations presented in paragraph 24 of the Complaint.

25. JBTS denies the allegations presented in paragraph 25 of the Complaint.

26. JBTS denies the allegations presented in paragraph 26 of the Complaint.

27. Upon information and belief, admits the allegations presented in paragraph 27 of the Complaint, but denies that said actions insulate ORCC from liability for its infringement prior to becoming a part of ACI. JBTS denies that Defendants are entitled to the relief requested in subparagraphs a. through f. of paragraph 27 of the Complaint or any other relief.

## SECOND CLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '003 PATENT

28. JBTS incorporates its responses to paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29. Upon information and belief, admits the allegations presented in paragraph 29 of the Complaint.

30. JBTS denies the allegations presented in paragraph 30 of the Complaint.

31. JBTS denies the allegations presented in paragraph 31 of the Complaint.

32. JBTS admits that there is an "actual, live, and justifiable controversy" between JBTS and ORCC with respect to ORCC's infringement of the '003 Patent but denies that ORCC is entitled to the relief it seeks or any other relief. JBTS admits that ACI is licensed under the Agreement and, therefore, denies that there is any controversy between JBTS and ACI with respect to ORCC's infringement of the '003 Patent.

33. JBTS denies the allegations presented in paragraph 33 of the Complaint.

## THIRD CLAIM
## DECLARATORY JUDGMENT OF INVALIDITY OF '003 PATENT

34. JBTS incorporates its responses to paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35. JBTS admits the allegations presented in paragraph 35 of the Complaint. JBTS further notes that, pursuant to 35 U.S.C. § 282, the '003 Patent is entitled to a presumption of validity.

36. JBTS denies the allegations presented in paragraph 36 of the Complaint. JBTS further notes that ACI, by asserting that the '003 Patent is invalid in this action, itself is in breach of the Agreement.

37. JBTS admits that there is an "actual, live, and justifiable controversy" between JBTS and ORCC with respect to ORCC's claim of invalidity of the '003 Patent but denies that ORCC is entitled to the relief it seeks or any other relief. JBTS denies that there is any controversy between JBTS and ACI with respect to the validity the '003 Patent.

## EXCEPTIONAL CASE FINDING

38. JBTS acknowledges that Plaintiffs allege that this is an exceptional case pursuant to 35 U.S.C. § 285 but deny that Plaintiffs are entitled to the relief they seek or any other relief. JBTS denies that Defendants are entitled to the relief requested in subparagraphs a. through f. of paragraph 38 of the Complaint or any other relief.

## JBTS'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Each cause of action set forth in Defendants' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Defendants each lack standing to bring some or all of the causes of action.

### THIRD AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred, in whole or in part, by the equitable defenses of estoppel, waiver, laches and/or unclean hands.

## JBTS'S COUNTERCLAIMS

### NATURE OF THE ACTION

1.     Defendant/Counterclaim-Plaintiff JBTS asserts the following counterclaim against Plaintiffs/Counterclaim-Defendants for breach of contract and of the covenant of good faith and fair dealing.  JBTS reserves the right to assert additional counterclaims as warranted by the facts as they become known through investigation and discovery,

### PARTIES

2.     Counterclaim-Plaintiff JBTS is a Limited Liability Company organized under the laws of the State of Delaware and with its principal place of business located at 116 Sweetfield Circle, Yonkers, Westchester County, New York 10704.  Plaintiff is the owner of the '003 Patent and other Intellectual Property not relevant here.

3.     Upon information and belief, Counterclaim-Defendant ORCC is or was a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business located at 4795 Meadow Wood Lane Suite 300, Chantilly, Virginia, 20151.

4.     Upon information and belief, Counterclaim-Defendant ACI is a corporation that was founded in Omaha, Nebraska, is organized under the laws of the State of Delaware, has its principal place of business located in Naples, Florida, and has an office located at 6060 Coventry Drive, Elkhorn, Nebraska, 68022-6482.

5.     Upon information and belief, ACI acquired ORCC in March 2013, and converted it into a subsidiary organization within ACI.

**JURISDICTION AND VENUE**

6.     This action arises under the laws of the State of Nebraska and is brought in direct response to the claims brought by Counterclaim-Defendants against JBTS.

7.     This Court has jurisdiction pursuant to 28 U.S.C. § 1367.

8.     The Court has personal jurisdiction over Counterclaim-Defendants because: each is present within or has minimum contacts within the State of Nebraska and the District of Nebraska; each has purposefully availed itself of the privileges of conducting business in the State of Nebraska and in the District of Nebraska; each has sought protection and benefit from the laws of the State of Nebraska; each regularly conducts business within the State of Nebraska and within the District of Nebraska; each has acquiesced to this Court's jurisdiction by bringing suit in this Court against JBTS; and JBTS's cause of action arises directly from Counterclaim-Defendants' business contacts and other activities in the State of Nebraska and in the District of Nebraska.

9.     Venue is proper in the District of Nebraska pursuant to 28 U.S.C. §§ 1391.

## BACKGROUND

10.    ACI and JBTS entered into a "License, Settlement, And Release Agreement" that was executed on or about November 11, 2012, the terms of which are confidential per agreement of the parties to Agreement. The terms of the Agreement granted ACI and certain affiliated parties certain rights to Intellectual Property belonging to JBTS, including the '003 Patent.

11.    On June 18, 2013, JBTS filed a Patent Infringement action against ORCC in the Southern District of New York (hereinafter, "the Original Case"). The Summons and Complaint were served on ORCC on June 21, 2013. ORCC missed the 21-day deadline to respond to the Complaint. ORCC sought and received permission from the Court for additional time to respond claiming "excusable neglect," citing a mix-up in communication between ORCC and ACI. JBTS did not oppose this request which resulted in ORCC receiving up to July 31, 2013 to respond. Instead of Answering or filing a motion as permitted by the Federal Rules, ORCC took two unusual steps.

12.    First, the Complaint that is the genesis for this action was filed in this Court on July 31, 2013 with ACI as co-plaintiff seeking relief under the Declaratory Judgment Act and alleging breach of contract. Specifically, the Third Claim asserts that Counterclaim-Defendants are entitled to a Declaratory Judgment that the '003 Patent is invalid, in violation of an explicit term of the Agreement.

13.    Second, ORCC sought to have the Original Case either dismissed or transferred to this Court. JBTS subsequently agreed to the transfer, and the Original Case was transferred to this Court. Subsequently, this matter and the Original Case were consolidated.

## COUNT I: BREACH OF CONTRACT

14. JBTS incorporates paragraphs 1 through 13 of its Counterclaims as if fully set forth herein.

15. JBTS and ACI entered into the Agreement, a valid contract, on or about November 11, 2012.

16. Both parties to the Agreement have completed all conditions precedent for the Agreement to have taken effect.

17. Upon information and belief, Counterclaim-Defendant ACI has breached an explicit term of the Agreement by asserting that Counterclaim-Defendants are entitled to a Declaratory Judgment that the '003 Patent is invalid.

18. This breach has wrongfully interfered with JBTS's ability to assert its rights to its Intellectual Property, specifically the '003 Patent.

19. Therefore, Counterclaim-Defendant ACI has breached material portions of the Agreement under Nebraska law.

## COUNT II: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

20. JBTS incorporates paragraphs 1 through 13 of its Counterclaims as if fully set forth herein.

21. JBTS and ACI entered into the Agreement, a valid contract, on or about November 11, 2012.

22. Counterclaim-Defendants filed suit against JBTS in this Court instead of raising their claims as defenses in JBTS's original Patent Infringement suit.

23. Upon information and belief, Counterclaim-Defendant ACI has breached an explicit term of the Agreement by asserting that Counterclaim-Defendants are entitled to a Declaratory Judgment that the '003 Patent is invalid.

24. Counterclaim-Defendants have acted in concert and in bad faith to deprive JBTS of a benefit of the Agreement, namely that JBTS may enforce its rights in the '003 Patent without interference by ACI, thereby significantly impairing a benefit of the Agreement

25. Counterclaim-Defendants have acted unreasonably by bringing unwarranted and unnecessary Declaratory Judgment claims instead of bringing proper defenses to JBTS's original Patent Infringement suit.

26. The conduct of Counterclaim-Defendants has directly caused significant loss and harm to JBTS by significantly impairing JBTS from benefitting from the benefit of the bargain it made with ACI, namely to be free from interference from ACI when JBTS attempts to enforce its rights in the '003 Patent.

27. Therefore, Counterclaim-Defendants have violated the implied covenant of good faith and fair dealing under Nebraska law.

## JURY DEMAND

28. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

JBTS respectfully requests the following relief:

A. An adjudication that ACI has breached the Agreement;

B. A grant of a permanent injunction preventing ACI from bringing a Declaratory Judgment claim of invalidity of the '003 Patent;

C. Dismissal of Counterclaim-Defendants' breach of contract claim;

D.	Dismissal of Counterclaim-Defendants' declaratory judgment claims;

E.	Award JBTS the costs of opposing these claims; and

F.	Any other relief this Court deems just and proper.


Date: November 4, 2013            **Joao Bock Transaction Systems, LLC**

                                   *s/ Maureen V. Abbey*
                                   Maureen V. Abbey, *Pro Hac Vice anticipated*
                                   *Pro Hac Vice granted in Lead Case no. 8:13CV231*
                                   *New York Bar No. MA 1562*
                                   *New Jersey Bar No. 20782005*
                                   **HENINGER GARRISON DAVIS, LLC**
                                   220 St. Paul Street
                                   Westfield, New Jersey 07090
                                   Telephone: (90) 379-8475
                                   Facsimile: (908) 301-9008
                                   Email: maureen@hgdlawfirm.com

                                   Steven W. Ritcheson, *Pro Hac Vice anticipated*
                                   California Bar No. 174062
                                   **HENINGER GARRISON DAVIS, LLC**
                                   9800 D Topanga Canyon Blvd. #347
                                   Chatsworth, California  91311
                                   Telephone: (818) 882-1030
                                   Facsimile: (818) 337-0383
                                   Email: switcheson@hgdlawfirm.com

                                   David J. Koukol
                                   Nebraska Bar No. 18102
                                   **KOUKOL & JOHNSON, LLC**
                                   12020 Shamrock Plz., Suite 333
                                   Omaha, Nebraska  68154
                                   Telephone: (402) 934-9499, ext. 202
                                   Fax: (402) 934-7730
                                   Email: dkoukol@westomahalaw.com

                                   Attorneys for Defendant
                                   *Joao Bock Transaction Systems, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on <u>November 4, 2013</u>, I electronically filed the foregoing with the Clerk of the U.S. District Court using the CM/ECF system, which will send a notification of such filings to the CM/ECF participants for this case who are deemed to have consented to electronic service.

*s/ Maureen V. Abbey*
Maureen V. Abbey, *Pro Hac Vice anticipated*
