IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ONLINE RESOURCES CORPORATION and ACI WORLDWIDE, INC., | 8:13CV231 |
| Plaintiffs, | ORDER |
| vs. | |
| JOAO BOCK TRANSACTION SYSTEMS, LLC, | |
| Defendant. | |
| | |
| JOAO BOCK TRANSACTION SYSTEMS, LLC, | 8:13CV245 |
| Plaintiff, | |
| vs. | |
| ONLINE RESOURCES CORP., | |
| Defendant. | |

This matter is before the court on the Motion to Stay Case Progression Schedule and Enter Summary Judgment Briefing Schedule (Filing No. 25 in Case 8:13CV231 and Filing No. 40 in Case 8:13CV245)[1] filed by Online Resources Corporation (ORCC) and ACI Worldwide, LLC (ACI). The movants filed a brief (Filing No. 26) and an index of evidence (Filing No. 27) in support of the motion. Joao Bock Transaction Systems, LLC (Joao Bock) filed a brief (Filing No. 32) and an index of evidence (Filing No. 33) in opposition to the motion. The movants filed a brief (Filing No. 34) in reply.

## BACKGROUND

The record reflects, these cases arise from a contractual relationship between the parties concerning intellectual property including United States Patent No. 7,096,003 (the '003 Patent). In November 2012, ACI and Joao Bock entered into a

---
[1] Hereafter, the court will only reference the filing numbers in Case 8:13CV231, unless stated otherwise.

License, Settlement and Release Agreement concerning the '003 Patent. In March 2013, ACI acquired ORCC which continues to exist as a wholly owned ACI subsidiary. On June 18, 2013, Joao Bock filed suit against ORCC in the United States District Court for the Southern District of New York alleging infringement of the '003 Patent. Joao Bock served ORCC with the lawsuit on June 21, 2013. On July 31, 2013, ORCC requested a pre-motion conference pursuant to local rules with the court by letter. The letter suggested ORCC sought to file a motion to stay or dismiss the action. Also on July 31, 2013, ORCC and ACI filed suit against Joao Bock in the United States District Court for the District of Nebraska alleging breach of the November 2012 Agreement and seeking declaratory judgment of non-infringement and invalidity of the '003 Patent. On the parties' joint request, the Southern District of New York court transferred the New York lawsuit to this district on August 9, 2013.

On November 27, 2013, the court entered an initial progression order setting a specific claim construction and discovery schedule leading to a *Markman* hearing scheduled for November 13, 2014. **See** Filing No. 20. Pursuant to the schedule:

> a. **On or before January 17, 2014**, Joao Bock Transaction Systems, LLC (JBTS) shall file and serve a statement of asserted claims and preliminary infringement contentions together with any document production.
>
> b. **On or before March 21, 2014**, Online Resources Corp. (ORCC) shall file and serve a statement of preliminary invalidity contentions together with any document production.
>
> c. **On or before April 28, 2014**, the parties shall exchange their proposed terms and claim elements for construction.

*Id.*

No filings were made by the parties on these dates. ORCC and ACI indicate the parties had agreed to an extension of their deadline until April 14, 2014. **See** Filing No. 25 - Motion p. 3.

On April 11, 2014, ORCC and ACI filed the motion seeking a stay. **See** Filing No. 25. The movants argue the court should stay proceedings on the patent infringement claims until after resolving the issue of the impact of the License, Settlement and Release Agreement on the alleged infringement. *Id.* Specifically, the

2

movants ask the court to enter a summary judgment briefing schedule, giving them until fourteen days from the date of this order to file a motion for summary judgment. *Id.* at 4. The movants suggest that if claim construction is necessary after resolution of the motion for summary judgment, the movants will provide invalidity contentions within thirty days of the order. *Id.* The movants argue resolution of the issue on summary judgment may obviate the need to expend resources on the patent infringement matters. *Id.* at 5. The movants note that in their planning report, the parties had contemplated the need for resolution of whether the impact of the License, Settlement and Release Agreement obviates the alleged infringement. *Id.* at 3; Filing No. 19 p. 4-7. However, the planning report included a proposed claim construction and discovery schedule wherein the movants did not suggest any delay in claim construction or a summary judgment schedule. *Id.* Attach. 1.

Joao Bock opposes a stay and argues ORCC and ACI merely continue to cause delay. **See** Filing No. 32 - Response p. 1. Accordingly, Joao Bock contends even if the movants show sufficient justification for the stay, their motives should be examined, and the motion denied. *Id.* at 4. Joao Bock notes the movants could have filed a motion for summary judgment months ago and do not need the court to enter a schedule for the motion. *Id.* at 5, 9. Joao Bock argues it continues to suffer substantial prejudice by the movants' continued delay. *Id.* at 5. By contrast, Joao Bock asserts a stay is unnecessary given the initial progression of the case, lack of court involvement until closer to the **Markman** hearing date, and low probability of the movants' success on summary judgment. *Id.* at 6-7.

## ANALYSIS

The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." **Landis v. North Am. Co.**, 299 U.S. 248, 254 (1936); **see Lockyer v. Mirant Corp.**, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court under **Landis**."); **Capitol Indem. Corp. v. Haverfield**, 218 F.3d 872, 874 (8th Cir. 2000). Similarly, it is a "settled proposition that a court has broad discretion and

3

inherent power to stay discovery until preliminary questions that may dispose of the case are determined." **Farouki v. Petra Int'l. Banking, Corp.**, 683 F. Supp. 2d 23, 26 (D. D.C. 2010) (citations and quotations omitted). Furthermore, "[d]iscovery is considered inappropriate . . . while a motion that would be dispositive of the claims . . . is pending." **Geiser v. Simplicity, Inc.**, No. 5:10-CV-21, 2011 WL 128776, at *4 (D. W. Va. Jan. 14, 2011) (Slip Copy). In determining whether a stay is appropriate, "courts consider the following three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the matter is not stayed; and (3) economy of judicial resources." **Benge v. Eli Lilly & Co.**, 553 F. Supp. 2d 1049, 1050 (N.D. Ind. 2008).

The court finds the movants failed to meet their burden of showing they will likely suffer prejudice by being required to proceed with discovery and claim construction preparation before any possible future dispositive motion is resolved. The movants assert they have anticipated the motion for summary judgment since at least November 2013, yet they have yet to file such motion. While none of the parties contend discovery is necessary for resolution of a motion for summary judgment, neither do the movants substantiate how participation in discovery and claim construction preparation would prejudice them. The movants argue the period of a stay would likely to be short compared with the potential for burdensome, and potentially unnecessary, discovery. They fail to provide more than argument. The movants failed to provide a description of the expected volume or costs associated with potential discovery despite the fact the parties have already had months to engage in discovery. The court has considered all relevant factors and finds the balance weighs in favor of proceeding with discovery and claim construction. Under the circumstances, the court finds a stay would not best serve the interests of the parties and the court. Upon consideration,

**IT IS ORDERED**:

1. Online Resources Corporation and ACI Worldwide, LLC's Motion to Stay Case Progression Schedule and Enter Summary Judgment Briefing Schedule (Filing No. 25 in Case 8:13CV231 and Filing No. 40 in Case 8:13CV245) is granted in part and denied in part as set forth below.

2.     Online Resources Corporation and ACI Worldwide, LLC shall have until **May 29, 2014**, to file a motion for summary judgment.  The standard briefing schedule will apply pursuant to NECivR 7.1 and 56.1.

3.     The court's November 27, 2013, Order (Filing No. 20) is modified only as follows:

>    b.     **On or before May 29, 2014**, Online Resources Corp. (ORCC) shall file and serve a statement of preliminary invalidity contentions together with any document production.
>
>    c.     **On or before June 27, 2014**, the parties shall exchange their proposed terms and claim elements for construction.
>
>    d.     **On or before July 18, 2014**, the parties shall exchange their statement of preliminary claim construction together with extrinsic evidence.
>
>    e.     **On or before August 8, 2014**, the parties shall exchange the identity, including name and address, of their respective expert witnesses.
>
>    f.     **On or before August 20, 2014**, the parties shall file a joint claim construction and prehearing statement.

Dated this 20th day of May, 2014.

BY THE COURT:

 s/ Thomas D. Thalken
 United States Magistrate Judge