**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **ONLINE RESOURCES CORPORATION and ACI WORLDWIDE, INC.,** | **8:13CV231** |
| **Plaintiffs,** | **ORDER** |
| **vs.** | |
| **JOAO BOCK TRANSACTION SYSTEMS, LLC,** | |
| **Defendant.** | |
| | **8:13CV245** |
| **JOAO BOCK TRANSACTION SYSTEMS, LLC,** | |
| **Plaintiff,** | |
| **vs.** | |
| **ONLINE RESOURCES CORP.,** | |
| **Defendant.** | |

This matter is before the court on the Motion to Stay Case (Filing No. 66 in Case 8:13CV231 and Filing No. 81 in Case 8:13CV245)[1] filed by of Online Resources Corporation (ORCC) and ACI Worldwide, LLC (ACI).  The movants filed a brief (Filing No. 67) and an index of evidence (Filing No. 68) in support of the motion.  Joao Bock Transaction Systems, LLC (Joao Bock) filed a brief (Filing No. 75) and an index of evidence (Filing No. 76) in opposition to the motion.  The movants filed a brief (Filing No. 80) in reply.

**BACKGROUND**

The record reflects, these cases arise from a contractual relationship between the parties concerning intellectual property including United States Patent No. 7,096,003 (the '003 Patent).  In November 2012, ACI and Joao Bock entered into a

---

[1] Hereafter, the court will reference the filing numbers in Case 8:13CV245, unless stated otherwise.

License, Settlement and Release Agreement concerning the '003 Patent.  In March 2013, ACI acquired ORCC who continues to exist as a wholly owned ACI subsidiary. On June 18, 2013, Joao Bock filed suit against ORCC in the United States District Court for the Southern District of New York alleging infringement of the '003 Patent.  On July 31, 2013, ORCC and ACI filed suit against Joao Bock in the United States District Court for the District of Nebraska alleging breach of the November 2012 Agreement and seeking declaratory judgment of non-infringement and invalidity of the '003 Patent.  On August 9, 2013, the Southern District of New York court transferred that lawsuit to this district and the two cases were consolidated.

On November 27, 2013, the court entered an initial progression order setting a specific claim construction and discovery schedule leading to a *Markman* hearing scheduled for November 13, 2014.  **See** Filing No. 20.  Progression of the matter was modified on May 20, 2014.  **See** Filing No. 35.  Despite this delay, the parties have filed and briefed motions for partial summary judgment and the *Markman* hearing remains on schedule.

The movants seek to stay this action, except for the court's resolution of the parties' motions for partial summary judgment, pending judgment by the United States District Court for the District of Delaware as to the enforceability of Joao Bock's '003 Patent.  **See** Filing No. 67 - Brief p. 1; Filing No. 80 - Reply p. 2.  The movants state they recently learned a case involving Joao Bock's '003 Patent in the Southern District of New York has been stayed pending the outcome of the Delaware matter.  **See** Filing No. 66 - Motion p. 3.  Further, the movants state the Delaware court has ruled on claim construction issues "and will now move to the enforceability of the patent."  *Id.*  The movants admit this court is not bound by any decision in the Delaware matter, however they argue Joao Bock will suffer no prejudice while the court and parties would conserve resources and ensure consistent enforcement of the patent by staying this case.  *Id.* 3-4.

## ANALYSIS

The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket

with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); see *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court under *Landis*."); *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000).   Similarly, it is a "settled proposition that a court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Farouki v. Petra Int'l. Banking, Corp.*, 683 F. Supp. 2d 23, 26 (D. D.C. 2010) (citations and quotations omitted).   Furthermore, "[d]iscovery is considered inappropriate . . . while a motion that would be dispositive of the claims . . . is pending." *Geiser v. Simplicity, Inc.*, No. 5:10-CV-21, 2011 WL 128776, at *4 (D. W. Va. Jan. 14, 2011) (Slip Copy).   In determining whether a stay is appropriate, "courts consider the following three factors:  (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the matter is not stayed; and (3) economy of judicial resources." *Benge v. Eli Lilly & Co.*, 553 F. Supp. 2d 1049, 1050 (N.D. Ind. 2008).

The court finds the movants failed to meet their burden of showing they will likely suffer hardship or inequity by being required to proceed with this litigation prior to resolution of the Delaware litigation.  The movants argue the period of a stay would likely to be short compared with the potential for burdensome, duplicative, and potentially unnecessary, proceedings here.  Again, they fail to provide more than argument.  There is no way to gauge the length of time that may elapse before the resolution of the Delaware litigation.  Resolution of the claim construction phase in that case does not provide a meaningful measure of the length of time until judgment. Moreover, the movants provide some description of the expected costs (in tens of thousands of dollars) associated with claim construction preparation in this case, however the claim construction phase has been completed in the Delaware litigation potentially aiding the parties (by reducing costs and disputed issues) and this court, despite the lack of an enforceability determination, which may or may not be forthcoming or applicable.  Moreover, since the Delaware proceeding appears to be ahead of this proceeding, the parties and the court may yet benefit from its resolution without unnecessary delay here.  The court has considered all relevant factors and finds

the balance weighs in favor of continuing with the proceedings in this case.  Under the circumstances, the court finds a stay would not best serve the interests of the parties and the court.  Upon consideration,

**IT IS ORDERED**:

Online Resources Corporation and ACI Worldwide, LLC's Motion to Stay Case (Filing No. 66 in Case 8:13CV231 and Filing No. 81 in Case 8:13CV245) is denied.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 4th day of August, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge