## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **ONLINE RESOURCES CORPORATION and ACI WORLDWIDE, INC.,** | **8:13CV231** |
| **Plaintiffs,** | |
| **vs.** | |
| **JOAO BOCK TRANSACTION SYSTEMS, LLC,** | **ORDER** |
| **Defendant.** | |
| | **8:13CV245** |
| **JOAO BOCK TRANSACTION SYSTEMS, LLC,** | |
| **Plaintiff,** | |
| **vs.** | |
| **ONLINE RESOURCES CORP.,** | |
| **Defendant.** | |

This matter is before the court on the Motion to Compel (Filing No. 88 in Case 8:13CV231 and Filing No. 104 in Case 8:13CV245)[1] filed by ACI Worldwide, LLC (ACI) and Online Resources Corporation (ORCC). The movants filed a brief (Filing No. 89) and an index of evidence (Filing No. 90) in support of the motion. Joao Bock Transaction Systems, LLC (Joao Bock) filed a brief (Filing No. 92) and an index of evidence (Filing No. 93) in opposition to the motion. The movants filed a brief (Filing No. 96) in reply.[2]

## BACKGROUND

The record reflects these cases arise from a contractual relationship between the parties concerning intellectual property including United States Patent No. 7,096,003

---

[1] Hereafter, the court will reference the filing numbers in Case 8:13CV245, unless stated otherwise.
[2] The court considered the reply brief despite its being filed outside the deadline imposed by the local and federal rules, without leave of court. Fed. R. Civ. P. 6(a), (d); NECivR 6(b), 7.1(c).

(the '003 Patent).   In November 2012, ACI and Joao Bock entered into a License, Settlement and Release Agreement concerning the '003 Patent.   In March 2013, ACI acquired ORCC who continues to exist as a wholly owned ACI subsidiary.   On June 18, 2013, Joao Bock filed suit against ORCC in the United States District Court for the Southern District of New York alleging infringement of the '003 Patent.   On July 31, 2013, ACI and ORCC filed suit against Joao Bock in the United States District Court for the District of Nebraska alleging breach of the November 2012 Agreement and seeking declaratory judgment of non-infringement and invalidity of the '003 Patent.   On August 9, 2013, the Southern District of New York court transferred that lawsuit to this district and the two cases were consolidated.

On November 27, 2013, the court entered an initial progression order setting a specific claim construction and discovery schedule leading to a **_Markman_** hearing scheduled for November 13, 2014.   **See** Filing No. 20; **see also** Filing No. 35.   The scheduling orders included deadlines for ORCC to file a statement of preliminary invalidity contentions.   The original deadline was March 21, 2014, but was extended to May 29, 2014.   **See** Filing No. 20; **see also** Filing No. 35.   ORCC did not file a statement of preliminary invalidity contentions.   ACI and ORCC have filed claim construction and other documents in compliance with the scheduling requirements.

The parties filed motions for partial summary judgment related to breach of the agreement on June 26, 2014.   **See** Filing Nos. 38 and 42.   Additionally, on July 3, 2014, Joao Bock filed a Motion for Terminating Sanctions.   **See** Filing No. 62.   In the motion, Joao Bock seeks dismissal of ACI and ORCC's "causes of action" and "their affirmative defenses of invalidity and counterclaim of invalidity" based on alleged litigation misconduct and failing to timely file invalidity contentions.   **_Id._**

The instant discovery dispute originated from ACI and ORCC's May 23, 2014, discovery requests and Joao Bock's corresponding June 25, 2014, responses and August 14, 2014, supplemental responses.   **See** Filing No. 56 - Certificate of Service; Filing No. 85.   In short, ACI and ORCC seek discovery related to the issue of the '003 Patent's alleged invalidity, which Joao Bock argues is irrelevant to the claims and defenses remaining in this lawsuit.   **See** Filing No. 88 - Motion p. 1; Filing No. 92 -

Response p. 7-10.  The parties conferred about the discovery dispute but were unable to resolve the matter without court involvement.

On September 10, 2014, ACI and ORCC filed the instant motion to compel.  **See** Filing No. 88.  Specifically, ACI and ORCC seek "documents related to . . . allegations by similarly situated parties that the '003 Patent is invalid."  **See** Filing No. 89 - Brief p. 2.  For example, Request for Production No. 1 seeks, "all invalidity contentions asserted against [the '003 Patent]."  ***Id.*** at 5.  Correspondingly, ACI and ORCC request all evidence, reports, orders, expert disclosures, and deposition transcripts regarding or discussing assertions of invalidity.  **See *id.*** at 6-8 (Requests for Production Nos. 2, 3, 7, 10, and 11).  ACI and ORCC also seek an award of costs and fees associated with bringing the motion to compel.  **See** Filing No. 88 - Motion p. 2.

Joao Bock initially objected to the discovery requests on the bases of attorney-client privilege, attorney work-product doctrine, relevance, vagueness, over breadth, and undue burden.  Joao Bock's responses also state:

> Subject to the general and specific objections listed above, and to the extent they have not already been produced, JBTS will produce all documents in its possession, custody or control that are responsive to this Request to the extent such relevant, non-privileged documents exist.  Such documents will not be produced, however, until and unless the Court determines whether causes of action, affirmative defenses, and/or counterclaims based upon invalidity of the Patent-in-Suit have not been waived.

**See** Filing No. 89 - Brief p. 2-8 (responses for Requests for Production Nos. 1, 2, 3, and 11).  Joao Bock originally stated no responsive documents existed for Request for Production No. 10, but later amended the response to include reference to a Middle District of Florida case and to include the above-quoted language.  ***Id.*** at 8 (quoting response and supplemental response for Request for Production No. 10).  Likewise, for Request for Production No. 7, Joao Bock originally stated no responsive documents existed, but later amended the response to include reference to an order issued in a District of Delaware case and to include the above-quoted language.  ***Id.*** at 7 (quoting response and supplemental response for Request for Production No. 7).  Nevertheless, Joao Bock produced the District of Delaware case order.  **See** Filing No. 92 - Response p. 9.

ACI and ORCC argue Joao Bock fails to substantiate any privilege or burden objections preventing disclosure of documents because Joao Bock failed to provide a privilege log as required by Fed. R. Civ. P. 26(b)(5)(A) and this court's initial progression order.  **See** Filing No. 89 - Brief p. 9-11; Filing No. 96 - Reply p. 4, 7-9; **see also** Filing No. 20 - Order.  Joao Bock admits the privilege and undue burden objections were lodged to preserve them, however Joao Bock refused production primarily on relevance grounds.  **See** Filing No. 92 - Response p. 12-13 (noting it would be a burden to produce irrelevant documents).  Joao Bock's unsubstantiated objections are overruled considering the court's resolution of the relevance issues.

Although ACI and ORCC allege invalidity of the '003 Patent in their complaint, Joao Bock argues they waived the issue by failing to timely file invalidity contentions in accordance with the court's progression orders.  **See** Filing No. 92 - Response p. 7-8.  The waiver renders documents related to invalidity irrelevant, including those documents sought in Request for Production Nos. 1, 2, 3, 7, 10, and 11.  *Id.*  Joao Bock recognizes the court has not yet resolved the waiver issue by way of the Motion for Terminating Sanctions.  *Id.* at 8.  Joao Bock contends, however, it is still reasonable to withhold the documents under these circumstances at least until the court resolves the waiver issue.  *Id.*  Additionally, Joao Bock notes production of confidential documents, such as those sought, should be subject to a protective order.  *Id.* at 9.

Along a similar vein, Request for Production No. 9 seeks "all items regarding any reports of noninfringement asserted by any other person or entity against whom/which JBTS asserted a claim of infringement related to [the '003 Patent]."  **See** Filing No. 89 - Brief p. 7.  Joao Bock's initial response was, "[i]n addition to the general objections, JBTS specifically objects to this to the extent that the information sought is neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence and their production would be an undue burden. Therefore, JBTS will not produce documents in response to this Request."  *Id.* (quoting response for Request for Production No. 9) (emphasis omitted).  Joao Bock contends ACI and ORCC fail to justify how infringement by non-parties could reasonably relate to ORCC's infringement in this case.  **See** Filing No. 92 - Response p. 10-11.  More specifically, Joao Bock states the claims asserted against non-parties are different, the

evidence is unrelated, and the technology is dissimilar.  *Id.* at 11.  Accordingly, Joao Bock argues the request is merely a fishing expedition.  *Id.* at 10.  Moreover, Joao Bock contends, the infringement contentions may contain previously protected confidential information from third-party competitors whose interests outweigh ACI and ORCC's need for the materials.  *Id.* at 11.  Joao Bock suggests ACI and ORCC may have alternative means to obtain the materials, namely asking those third parties.  *Id.* at 12.

ACI and ORCC, noting the general broad scope of discovery allowed under the Federal rules, argue the requested documents "are inherently relevant" to the parties' claims and defenses and while the documents may not be admissible they are likely to lead to additional admissible discovery.  **See** Filing No. 89 - Brief p. 12.  Specifically, responsive production "may contain issues related to statements against interests by [Joao Bock], may expose previously unknown weaknesses in the '003 Patent and may open avenues of further discovery in . . . defense in this matter."  *Id.*; **see also** Filing No. 96 - Reply p. 4.


## ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'"  ***WWP, Inc. v. Wounded Warriors Family Support, Inc.***, 628 F.3d 1032, 1039 (8th Cir. 2011) (alteration in original) (**quoting** Fed. R. Civ. P. 26(b)(1)).  Accordingly, relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978).  "However, the proponent of discovery must make '[s]ome threshold showing of relevance . . . before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.'"  ***Prism Tech., LLC v. Adobe Sys., Inc.***, 284 F.R.D. 448, 449 (D. Neb. 2012) (alterations in original) (**quoting *Hofer v. Mack Trucks, Inc.***, 981 F.2d 377, 380 (8th Cir. 1992)).

Generally, the court has authority to limit the scope of discovery. **Roberts v. Shawnee Mission Ford, Inc.**, 352 F.3d 358, 361 (8th Cir. 2003). The Federal Rules authorize the court to limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Moreover, the court may also limit discovery after considering "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

Accordingly, once the requesting party meets the threshold relevance burden, "the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure." **Moses v. Halstead**, 236 F.R.D. 667, 671 (D. Kan. 2006). Moreover, generally "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." **Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton**, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). The party opposing a motion to compel also has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. **St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.**, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections). The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. **See Wagner v. Dryvit Sys., Inc.**, 208 F.R.D. 606, 610 (D. Neb. 2001). This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money, and procedure required to produce the requested discovery. **Id.**

ACI and ORCC fail to meet their threshold burden of showing any production in response to Request of Production No. 9 would be relevant or lead to relevant information.  The mere fact a claim for infringement or noninfringement of the '003 Patent exists does not render the matter relevant to the instant lawsuit.  In contrast to ACI and ORCC's statement the documents are "inherently relevant," Joao Bock states the claims asserted against non-parties are different, the evidence is unrelated, and the technology is dissimilar.  **See** Filing No. 89 - Brief p. 12; Filing No. 92 - Response p. 11. ACI and ORCC fail to contradict Joao Bock's assertion by showing there are actually "similarly situated" non-parties.  **See** Filing No. 96 - Reply p. 6.  The court will not compel Joao Bock to supplement its response to Request of Production No. 9.

ACI and ORCC have met their threshold burden of showing production in response to the remaining contested requests regarding the invalidity of the '003 Patent may be relevant or lead to relevant information.  Additionally, labeling documents as confidential or alleging they may contain confidential information does not foreclose disclosure, confidentiality does not equate to privilege.  **See *Federal Open Mkt. Comm. v. Merrill***, 443 U.S. 340, 362 (1979).  "[I]nformation is not shielded from discovery on the sole basis that the information is confidential. . . ."  ***Horizon Holdings, LLC v. Genmar Holdings, Inc.***, 209 F.R.D. 208, 213-14 (D. Kan. 2002).  The party preventing disclosure, not the party seeking disclosure, retains the burden to timely request entry of a protective order pursuant to Fed. R. Civ. P. 26(c).  ***Id.***  Similarly, a party may not withholding disclosure of then-relevant information because there is an unresolved motion to dismiss the issue pending.  **See** Fed. R. Civ. P. 26(b)(1); **see also** Filing No. 96 - Reply p. 7.

Nevertheless, in this case the relevance of invalidity or validity allegations for the '003 Patent exchanged between non-parties and Joao Bock can only have minimal relevance to this lawsuit.  Joao Bock asserts the documents sought are subject to protective orders or confidentiality agreements with third-parties.  Joao Bock does not oppose ACI and ORCC obtaining the documents, to the extent there are third-party invalidity documents in the public record or third parties agree to share their work with the plaintiff.  In the absence of such available documents, ACI and ORCC fail to show any need for the documents.  Accordingly, their need does not override the third parties'

confidentiality interests.  **See** Fed. R. Civ. P. 26(b)(2)(C); ***see also Leard v. YRC, Inc.***, No. 8:09CV408, 2011 WL 108700, at *1 (Jan. 10, 2011) (denying production of non-parties' personnel or medical records without a compelling showing of relevance and noting value of the information sought failed to outweigh the privacy interests of the affected non-parties).  Upon consideration,

**IT IS ORDERED**:

Online Resources Corporation and ACI Worldwide, LLC's Motion to Compel (Filing No. 88in Case 8:13CV231 and Filing No. 104 in Case 8:13CV245) is denied.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 14th day of October, 2014.

BY THE COURT:

 s/ Thomas D. Thalken
 United States Magistrate Judge