## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ONLINE RESOURCES CORPORATION and ACI WORLDWIDE, INC., | **8:13CV231** |
| **Plaintiffs,** | |
| vs. | |
| JOAO BOCK TRANSACTION SYSTEMS, LLC, | **PROTECTIVE ORDER** |
| **Defendant.** | |
| | |
| JOAO BOCK TRANSACTION SYSTEMS, LLC, | **8:13CV245** |
| **Plaintiff,** | |
| vs. | |
| ONLINE RESOURCES CORP., | |
| **Defendant.** | |

This matter is before the court on the parties' Joint Stipulation for Protective Order (Filing No. 102 in 8:13CV231, Filing No. 118 in 8:13CV245). Upon consideration,

**IT IS ORDERED:**

The parties' Joint Stipulation for Protective Order (Filing No. 102 in 8:13CV231, Filing No. 118 in 8:13CV245) is adopted.

**IT IS FURTHER ORDERED:**

Certain information subject to discovery in the following civil action numbers 8:13CV231 and 8:13CV245 may contain trade secrets or other confidential, proprietary and/or commercially sensitive information. In the interest of protecting that information and permitting discovery to proceed without delay occasioned by disputes regarding such information, and good cause appearing, the Court enters this Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

## Scope and Definitions

1.      This Protective Order applies to all information, documents, testimony and/or things subject to discovery in these actions which contain non-public, confidential information and/or trade secrets designated as Protected Material pursuant to the terms of this Order; as well as any secondary material, such as pleadings, written discovery, expert reports, notes, summaries or any other materials that contain, describe or reflect such information (collectively referred to herein as "Protected Material").

2.      Protected Material may be designated by any Producing Party as:

(a)     "CONFIDENTIAL" if it contains sensitive confidential and non-public technical or business information, the disclosure of which may unfairly cause harm to the Producing Party or provide improper advantage to others, but which is not otherwise suitable for designation as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Examples of the types of information that may be designated "CONFIDENTIAL" may include general sales, customer, vendor or licensing information, and general historical technical, scientific, financial, marketing or research and development information that is not publicly known or disclosed.

(b)     "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" if it contains confidential information which is particularly sensitive, in any of the following categories:

(i)     Proprietary technical, scientific, financial, marketing, research and development, sales, customer, vendor, licensing, trade secret or strategic business information, the disclosure of which could cause competitive harm to the Producing Party;

(ii)     Confidential information of a non-party that the producing party or non-party is bound by a separate confidentiality agreement or court order to maintain in confidence;

(iii)     Information that is subject to the privacy interest of any individual; and

(iv)     Information that is prohibited or otherwise restricted from disclosure by any federal, state or local law, statute or regulation.

(c)     "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" if it contains confidential information which falls within the definition of materials that qualify as designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" but which contain sensitive information that cannot or should not be shared with in-house counsel because it contains, or is likely to contain, sensitive information of competitors which cannot in good faith be disclosed to in-house counsel.  This designation applies only to settlement agreements and/or similar documents.

(d)     If source code is produced in this case, it shall be designated "HIGHLY CONFIDENTIAL SOURCE CODE – OUTSIDE ATTORNEYS ONLY" and shall be subject to further protections in a separate order specific to source code.  The protection of source code, or any other confidential materials of any designation under this Order, shall not be taken as an admission by any Party as to the discoverability or admissibility of such materials.

3.     Other categories of confidential information may exist.  The parties agree to designate information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

EYES ONLY" on a good-faith basis and not for purposes of harassing the Receiving Party or for purposes of unnecessarily restricting the Receiving Party's access to information concerning the lawsuit. Such designations shall be narrowly tailored to include only material for which the designation is warranted by good cause.

4.      As used herein, "Producing Party" shall refer to any party in the following civil action numbers 8:13-cv-231 and 8:13-cv-245, or to any third-party (whether voluntarily or pursuant to subpoena), who discloses, testifies, produces or makes available for inspection any Protected Material.

5.      "Receiving Party" shall refer to any person who receives Protected Material from a Producing Party.

## Permitted Disclosure and Use of Protected Material

6.      Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

7.      Subject to Paragraphs 20 and 31 of this Order, Protected Material shall be used solely for the specific litigation(s) in which the Protected Material is produced (e.g. as identified by specific case number) and any related appeals, including for the purposes of seeking indemnification, and shall not be used for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, including patent reexamination or reissue, or any business or competitive purpose or function of any kind, except as required by process of law, regulation, or governmental or court order.

## Persons Who May Access Protected Material

8.    ***"Confidential" Material***.  Only the following individuals shall have access to materials designated "CONFIDENTIAL," absent the express written consent of the Producing Party or further court order:

(a)    Persons authorized to receive "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material as specified in Paragraphs 9(a)-(f) below; and

(b)    Up to one (1) corporate representative of the Receiving Party who have complied with Paragraph 12.

9.    "***Highly Confidential - Attorneys' Eyes Only" Material***.   Only the following individuals shall have access to materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," absent the express written consent of the Producing Party or further court order:

(a)    Outside counsel of record for the parties in the specific action in which the Protected Material is produced, and outside counsel for any entity providing indemnification to any party in the specific action in which the Protected Material is produced, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms assisting in these actions;

(b)    HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, may also be disclosed to up to two designated in-house counsel who (1) have responsibility for managing this litigation, (2) have responsibility for making decisions dealing directly with this Action, (3) are not involved in competitive decision-making, as defined by U.S. Steel v. United States, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), and (d) have signed the undertaking attached hereto as Exhibit A;

(c)     Outside experts and consultants and indemnitors of the Receiving Party who have been pre-approved in accordance with Paragraph 13, and their support staff and clerical employees assisting in these actions.

(d)     The Court, its technical advisor (if one is appointed), any mediator designated or used in these actions, court personnel, the jury, court reporters and/or videographers who record testimony or other proceedings in these actions;

(e)     Professional litigation support vendors, including copy, graphics, translation, database, trial support and/or trial consulting services ("Professional Vendor"), who shall be provided a copy of this Protective Order and execute Exhibit A, and mock jurors hired by trial consultants but only in accordance with Paragraph 14 below; and

(f)     While testifying at deposition or trial in these actions only:  (i) any current officer, director or employee of the Producing Party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and (iii) any person who authored, previously received or was directly involved in the specific matter(s) addressed in the Protected Material, as evident from its face or reasonably certain in view of other testimony or evidence.  Persons authorized to view Protected Material pursuant to this sub-paragraph (f) shall not retain or be given copies of the Protected Material except while so testifying.

10.     "*Highly Confidential – Outside Attorneys' Eyes Only" Material*.  Only the following individuals shall have access to materials designated "HIGHLY

CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," absent the express written consent of the Producing Party or further court order:

(a)     Outside counsel of record for the parties in the specific action in which the Protected Material is produced, and outside counsel for any entity providing indemnification to any party in the specific action in which the Protected Material is produced, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms assisting in these actions;

(b)     Outside experts and consultants and indemnitors of the Receiving Party who have been pre-approved in accordance with Paragraph 13, and their support staff and clerical employees assisting in these actions.

(c)     The Court, its technical advisor (if one is appointed), any mediator designated or used in these actions, court personnel, the jury, court reporters and/or videographers who record testimony or other proceedings in these actions;

(d)     Professional litigation support vendors, including copy, graphics, translation, database, trial support and/or trial consulting services ("Professional Vendor"), who shall be provided a copy of this Protective Order and execute Exhibit A, and mock jurors hired by trial consultants but only in accordance with Paragraph 14 below; and

(e)     While testifying at deposition or trial in these actions only:  (i) any current officer, director or employee of the Producing Party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and (iii) any person who authored, previously received or was directly involved in the specific matter(s)

addressed in the Protected Material, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Protected Material pursuant to this sub-paragraph (e) shall not retain or be given copies of the Protected Material except while so testifying.

### Access to Derivative Materials

11.    Documents created by representatives of any party in these actions (including outside and in-house counsel, experts, consultants, staff, Professional Vendors, and the like) that contain Protected Material (including any papers filed with the Court, court orders, testimony, and/or deposition transcripts) may be made available only to persons authorized to access such materials pursuant to Paragraphs 7, 8, 9 and 10 unless the Protected Material has been redacted from such documents.

### Required Approval for Access to Protected Material

12.    ***In-House Counsel, Party Representatives and Professional Vendors***. Any in- house counsel, corporate representative or Professional Vendor authorized to access "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials pursuant to Paragraphs 7, 8, 9 and 10 of this Order shall read this Protective Order and sign the "Agreement to Be Bound By Protective Order," attached as Exhibit A to this Protective Order, which shall be retained by the signing party's outside counsel of record in these actions.

13.    ***Outside Experts or Consultants***.

(a)    Prior to disclosing Protected Material to any outside experts or consultants that are not Professional Vendors identified in Paragraphs 9(e) and 10(d) above, the party seeking to disclose such information shall provide to any party to these actions that produced Protected Material written notice that includes:

(i)      the name and business address of the person;

(ii)     the present employer and title of the person;

(iii)    an up-to-date curriculum vitae (including a listing of employers for the preceding four (4) years and a listing of cases in which the proposed consultant or expert has offered deposition or trial testimony in the preceding four (4) years);

(iv)    a list of current and past consulting relationships undertaken within the preceding four (4) years;

(v)     a signed copy of the person's "Agreement to Be Bound By Protective Order," attached as Exhibit A to this Protective Order.

(b)     Within ten (10) business days of receiving this information, the party who produced Protected Material may object in writing to its disclosure to the proposed expert or consultant for good cause.  In the absence of any objection at the end of the ten (10) day period, the expert or consultant shall be deemed approved under this Protective Order.  If an objection is made, the parties shall meet and confer within five (5) business days after the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the party objecting to the disclosure will have five (5) business days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, Protected Materials shall not be disclosed to the expert or consultant until the objection is resolved by the Court.

(c)     Experts or consultants authorized to receive Protected Material under this section shall not be a current officer, director, consultant or employee of a

9

party or of a competitor of a party, nor anticipated at the time of retention to become an officer, director, consultant, or employee of a party or a competitor of a party.

(d)     Experts or consultants authorized to receive Protected Material under this section shall not be involved in competitive decision-making, as defined in _U.S. Steel v. United States_, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a party or a competitor of a party.

14.     **_Mock Jurors_**.   Mock jurors hired by trial consultants in connection with these actions may only be told about or shown "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials provided:  (a) they are not affiliated with any party to this case or their direct competitor; (b) they agree in writing to be bound by confidentiality; and (c) they are not themselves given custody of any Protected Materials, nor permitted to remove any presentations, questionnaires or notes taken during the exercise from any room in which the research is conducted.

## Making and Challenging Designations

15.      Each party or third-party that designates material for protection under this Order must take care to limit such designations only to material that that the party believes in good faith meets the appropriate standards.

16.     Designations of Protected Material shall be made in substantially the following manner:

(a)     _For documents or written discovery_.   The Producing Party may designate documents or written discovery responses by affixing the appropriate legend – "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" on each page that contains Protected Material.   Documents made available for inspection need not be

designated in advance and shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the Producing Party provides copies of documents identified by the inspecting party for production affixed with the appropriate legend. Documents that are settlement agreements and/or similar documents, made available for inspection need not be designated in advance and shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" until the Producing Party provides copies of documents identified by the inspecting party for production affixed with the appropriate legend.

(b)   *For depositions or other testimony*.   Parties or third-parties providing testimony may designate transcripts of depositions, hearings or other proceedings, or portions thereof, and exhibits thereto, as Protected Material by indicating the appropriate designation on the record before the close of the deposition, hearing or other proceeding, or by notifying the court reporter and all counsel in writing of the appropriate designation within twenty (20) business days after receiving the transcript, during which twenty (20) day period the deposition transcript and any exhibits thereto shall be treated as "HIGHLY CONFIDENTIAL –  ATTORNEYS' EYES ONLY," except to the extent they discuss JBTS settlement agreements/licenses with anyone other than ACI Worldwide, Inc. in which case the testimony shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." The party making the designation shall make arrangements with the court reporter to label the relevant pages and exhibits with the appropriate designation.  Video or DVD versions of the depositions will automatically have the same designation as the transcript.

(c)   *For tangible things and other information*.  A Producing Party shall affix the appropriate legend prominently on any tangible thing or media, or on the exterior of any case or container in which the information or item is stored.  If the Receiving Party prints an item from an electronic medium, the Receiving Party must immediately mark any unmarked pages of the printed version with the designation of the media.  A Producing Party may designate any other Protected Material not in documentary, tangible or physical form by informing the Receiving Party of the designation in writing at or before the time of production or inspection.

17.    Inadvertent failure to designate documents, testimony or things as Protected Materials does not waive the Producing Party's right to secure the protections of this Order.  The Producing Party must notify the Receiving Party in writing of the inadvertent failure to designate promptly upon its discovery and take whatever steps are necessary to replace the documents with appropriate legends or otherwise designate the materials as set forth above.  The Receiving Party shall not be held in violation of this Order for any otherwise permissible disclosures made before receipt of such notice. Upon receiving the written notice, the Receiving Party must promptly make all reasonable efforts to assure that the material is treated in accordance with the corrected designation, including seeking the retrieval or destruction of any copies distributed to unauthorized individuals; and destroy copies of documents that have been replaced with the proper designation.

18.    At any time in these proceedings following the production of material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," a

Receiving Party may challenge the propriety of such designation by providing the Producing Party written notice identifying the documents or material that the Receiving Party contends should be differently designated, and setting forth the reasons it believes the designation is inappropriate. Thereafter, the Receiving Party may file a motion to modify or cancel the designation with regard to any Protected Material in dispute, during which time the parties shall meet and confer in an attempt to resolve promptly and informally any such disputes.  The Producing Party shall have the burden of establishing that it is entitled to confidential treatment.  All Protected Material is entitled to confidential treatment pursuant to the terms of this Order in accordance with the given designation until and unless the parties formally agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of any Protected Material is entitled to confidential treatment.

19.    Information does not qualify for protection under this Order and none of its provisions apply to material that: (a) is available to the general public at the time of its production, or becomes available to the general public after its production through no fault of the Receiving Party; (b) was independently obtained by the Receiving Party from a non-party having no obligation of confidentiality and the right to make such disclosure; or (c) was previously produced, disclosed or provided by the Producing Party to the Receiving Party without an obligation of confidentiality.

**Inadvertent Production of Privileged Documents**

20.    (a)  The inadvertent production of document(s) or other material subject to the attorney-client privilege, work product doctrine or any other privilege or immunity does not constitute a waiver. Promptly upon learning of the inadvertent disclosure, however, the Producing Party must notify the Receiving Party of the inadvertent

production and request return or destruction of the documents.  The Receiving Party must promptly return or confirm destruction of all copies of such materials; but doing so shall not preclude the Receiving Party from seeking to compel production of those materials, nor constitute an admission that the materials were, in fact, privileged, and the Producing Party must preserve any such documents.

(b)  The Court hereby orders pursuant to Federal Rule of Evidence 502 that there is no waiver of privilege or work-product in this matter or any other matter in any other jurisdiction for any document produced under this Paragraph 20, whether the document was produced as part of a voluntary quick peek agreement between the Parties or was produced inadvertently following review.  Further pursuant to Rule 502 of the Federal Rules of Evidence, such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity, if the producing party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error in the event of an inadvertent disclosure.  The producing party will be deemed to have taken reasonable steps to prevent communications or information from inadvertent disclosure if that party utilized either attorney screening, keyword search term screening, advanced analytical software applications and/or linguistic tools in screening for privilege, work product or other protection.  The producing party shall be deemed to have taken reasonable steps to rectify the error of the disclosure if, within thirty (30) business days from the date that the inadvertent disclosure has been realized, the producing party notifies the receiving party of the inadvertent disclosure and instructs the receiving party to promptly return all copies of the inadvertently produced communications or

information (including any and all work product containing such communications or information).

## Filing Under Restricted Status

21.    All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or which contain information so designated, shall be filed as "Restricted" via ECF pursuant to this Order or if electronic submission is impossible, in sealed envelopes or other appropriate sealed containers labeled with the case caption, the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," as appropriate, and a statement in substantially the following form, or such other form as ordered by the Court or required by the Clerk of the Court:

**This envelope contains confidential information filed in this case by [name of party] that is subject to a Protective Order of the Court. It should not be opened or its contents disclosed, revealed or made public except by Order of the Court or agreement of the parties.**

22.    Where Protected Material is used at trial, it is the burden of the Producing Party whose documents or materials are being used to make arrangements with the Court to ensure that its Protected Material remains confidential; however, where Protected Material is to be used at trial by a party other than the Producing Party, the Producing Party must be notified at least ten (10)  days before trial, so that the Producing Party is able to make arrangements with the Court to ensure that its Protected Material remains confidential.

## Restriction on Patent Prosecution

23.    Any natural person (including without limitation outside counsel and consultants) who accesses or views "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," materials of any Producing Party shall not, for the duration of these actions and a period of one (1) year following final resolution of the Producing Party's action (including any appeals), draft, supervise or assist in drafting, amending or prosecuting any patent claims or patent specifications (or reissues thereof) which are directed to technology disclosed in any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," information actually received, including any reexaminations, reissues, or other pre- or post-grant proceedings before the United States Patent & Trademark Office ("PTO").   This provision, however, does not limit or restrict the Receiving Party's obligation to notify the PTO of the existence of this patent litigation, prior art cited in this litigation, or any invalidity contention made by any Party that would give rise to a duty to disclose information to the PTO, or to avoid an allegation of inequitable conduct.  For purpose of meeting its disclosure obligations to the PTO, the Receiving Party may disclose to the PTO any such information that has been designated by any Producing Party pursuant to this protective order after 30 days notice to the Producing Party, provided the Producing Party does not object to the disclosure within that time.  Should the Producing Party or object to the disclosure, the parties shall meet and confer within 10 days of the objection.  If the parties cannot resolve the dispute, the Producing Party shall have 15 days from the meet and confer date to file a motion for a protective order with the court,

in which case Receiving Party will not disclose the disputed information to the PTO unless and until such motion is denied.

## Agreement Regarding Expert Discovery

24.     Document discovery concerning testifying experts shall be limited to the final versions of the testifying experts' reports and any materials relied upon by the testifying expert in forming his or her opinion(s).  Testifying experts' draft reports, notes, and conversations or communications with counsel will not be subject to discovery unless such material is relied upon by a testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case.

## Agreement Regarding Privilege Logs

25.     The obligation to create and provide privilege logs pursuant to FRCP 26(b)(5) shall not extend to attorney-client privileged communications with outside litigation counsel created after the filing of these actions.

## Use Of This Protective Order by Third-Parties

26.     A third-party, not a party to these actions, who produces documents, testimony or other information, voluntarily or pursuant to a subpoena or a court order, may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit.  A third party may, at its option, designate material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," and then produce in accordance with the procedure in place for that particular category.

27.     A third-party's use of this Protective Order does not entitle that third party to access to any Protected Material produced by any party in these actions.

**Additional Protection**

28.     This Protective Order is entered without prejudice to the right of any party to seek different or additional protections if it believes the protections of this order are not applicable or are inadequate. Nothing herein shall be deemed to preclude any Producing Party from seeking such different or additional protection, including that certain matter not be produced at all.

**No Waiver**

29.     Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in these actions or otherwise that any Protected Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in these actions or any other proceeding.

**No Limitations on Party's Own Protected Materials;**

30.     Nothing in this Order shall restrict any party to this lawsuit or its attorneys from disclosing or using, in any manner and for any purpose, its own Protected Materials. For avoidance of doubt, this provision is not intended to permit a party to introduce its undisclosed Protected Materials as evidence in these actions.

**Subpoena of Protected Material**

31.     If any Receiving Party receives a subpoena or other legal process commanding the production of any Protected Material, that party shall assert this Protective Order in the first instance and promptly give written notice thereof to the Producing Party (or their counsel of record in this case), who shall have the burden of seeking a court order relieving the subpoenaed party of the obligations pursuant to the subpoena.  The Receiving Party shall not produce any Protected Material without either

an order of a court of competent jurisdiction or the express written consent of the Producing Party, which shall not be unreasonably withheld.

## Unauthorized Access

32.     Counsel for the Receiving Party shall promptly notify the Producing Party upon becoming aware of any loss, theft and/or unauthorized copying or disclosure of Protected Material, and shall take all steps reasonably necessary and available to retrieve such Protected Material and prevent any further loss, unauthorized access or dissemination.

## Disposition of Protected Materials

33.     Unless otherwise ordered or agreed, within sixty (60) days after the settlement or final termination of these actions (whichever is earlier for a particular party), each Receiving Party shall, at its option, return or destroy all Protected Material, including all notes, abstracts, compilations, summaries or any other form of reproducing or capturing of any Protected Material, and all notes or other materials derived therefrom.  Outside counsel for each party shall remind any experts, consultants and others as appropriate of their obligation to destroy or return Protected Materials.  The Receiving Party shall submit a written certification by the sixty (60) day deadline confirming that all Protected Material has been destroyed (or handled as otherwise ordered or agreed) and which affirms that the Receiving Party has not retained any paper or electronic copies.  Notwithstanding this provision, outside counsel of record are entitled to retain an archival copy of all pleadings, motion papers, briefs, exhibits, transcripts, written discovery, expert reports, legal memoranda, attorney work product and correspondence, even if such materials contain or reflect Protected Material.  Any such archival copies remain subject to the terms of this Protective Order.

**Survival of Order**

34.     The terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter.

**Binding Effect**

35.     This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

Stipulated and agreed this 24th day of November, 2014.

JOAO BOCK TRANSACTION
SYSTEMS, LLC

ACI WORLDWIDE, INC. and ONLINE
RESOURCES CORP.


By:   *s/ Maureen V. Abbey*
Maureen V. Abbey, *Pro Hac Vice*
HENINGER GARRISON DAVIS, LLC
220 St. Paul Street
Westfield, New Jersey 07090
Telephone: (908) 379-8475
Facsimile: (908) 301-9008
maureen@hgdlawfirm.com

By   Daniel J. Fischer (with permission)
Gregory C. Scaglione, #19368
Daniel J. Fischer, #22272
Patrice D. Ott, #24435
KOLEY JESSEN, P.C., L.L.O.
1125 South 103rd Street, Suite 800
Omaha, NE 68124-1079
(402) 390-9500
(402) 390-9005 (facsimile)
Greg.Scaglione@koleyjessen.com
Dan.Fischer@koleyjessen.com
Patrice.Ott@koleyjessen.com

Steven W. Ritcheson, *Pro Hac Vice*
HENINGER GARRISON DAVIS, LLC
9800 D Topanga Canyon Blvd. #347
Chatsworth, California 91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383
switcheson@hgdlawfirm.com

*Attorneys for Online Resources Corporation and ACI Worldwide, Inc.*

David J. Koukol, SBN 18102
KOUKOL & JOHNSON, LLC
12020 Shamrock Plz., Suite 333
Omaha, Nebraska 68154
Telephone: (402) 934-9499, ext. 202
Facsimile: (402) 934-7730
dkoukol@westomahalaw.com

*Attorneys for Joao Bock Transaction Systems, LLC*


Dated this 24th day of November, 2014.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

[INSERT RELEVANT CAPTION]

**ACKNOWLEDGEMENT AND AGREEMENT
TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name], have been provided a copy and read the Stipulated Protective Order in the above-captioned case and agree to be bound by its terms. I understand that I will be receiving non-public, confidential materials and information protected pursuant to the terms of this Stipulated Protective Order.  I agree that I will not use or disclose any such Protected Material except in strict compliance with the provision of this Order, and will take all reasonable precautions to prevent any unauthorized use or disclosure of any material in my possession or control. At the final conclusion of the case, in accordance with the terms of the Order, I will return or destroy, as directed, any Protected Materials received and any notes or other documents reflecting such materials.

I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Stipulated Protective Order in this case and waive any objections to jurisdiction or venue for the same.  I understand that failure to comply with this Order could result in sanctions or other consequences.

I make the above statements under penalty of perjury.


Dated:_____


_____

Printed Name:_____

Company Name/Address/Phone:

_____

_____

_____

_____