IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ONLINE RESOURCES CORPORATION and ACI WORLDWIDE, INC., | ) ) ) | Case No. 8:13-cv-231 |
| Plaintiffs, | ) ) | **ONLINE RESOURCES CORPORATION AND ACI WORLDWIDE, INC.'S RENEWED MOTION TO STAY BECAUSE JOAO BOCK'S PATENT HAS BEEN INVALIDATED** |
| v. | ) ) ) | |
| JOAO BOCK TRANSACTION SYSTEMS, LLC, | ) ) ) | |
| Defendant | ) ) | |
| JOAO BOCK TRANSACTION SYSTEMS, LLC, | ) ) ) | Case No. 8:13-cv-245 |
| Plaintiff, | ) ) ) | **ONLINE RESOURCES CORPORATION'S RENEWED MOTION TO STAY BECAUSE JOAO BOCK'S PATENT HAS BEEN INVALIDATED** |
| v. | ) ) | |
| ONLINE RESOURCES CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

Online Resources Corporation and ACI Worldwide, Inc. (collectively "ACI Worldwide") respectfully move the Court, in light of newly discovered matters, namely that **certain of the claims of the patent at issue have been found to be invalid**. ACI Worldwide moves to stay (a) the 13-cv-245 action in its entirety and (b) all claims not involving breach of contract in the 13-cv-231 matter.

ACI Worldwide seeks to stay the entirety of the 13-cv-245 action, which involves only the alleged infringement of Joao Bock Transaction Systems, LLC's ("JBTS") United States Patent No. 7,096,003 (the "'003 Patent") and all related affirmative defenses and counterclaims, save those associated with the breach of contract issues raised in 12-cv-

231, more specifically those affirmative defenses and counterclaims set forth in ¶¶ 22-24 and 32, (Filing No. 32 in 13-cv-245), and JBTS' Answer to Counterclaim (Filing No. 34 in 13-cv-245).

As to the 13-cv-231 matter, ACI Worldwide seeks to stay Counts Two and Three, which address invalidity and non-infringement of the '003 Patent, along with all related affirmative defenses asserted by JBTS including JBTS' Prayers for Relief (B) and (D).

All claims, counterclaims and affirmative defenses related to the '003 Patent will be collectively referred to hereinafter, and in the Brief in Support of the Renewed Motion to Stay filed contemporaneously herewith, as the "Patent Issues." To be clear, ACI Worldwide is not seeking to stay the breach of contract issues raised in the 13-cv-231 matter or the counterclaims raised by ACI Worldwide in the 13-cv-245 matter to the extent they relate to the breach of contract issues.

ACI Worldwide therefore moves to stay the Patent Issues until such time as the Federal Circuit Court of Appeals rules on Joao Bock Transaction Systems, LLC's ("JBTS") appeal of the recent judgment entered against it in *Joao Bock Transaction Systems v. Jack Henry & Assoc.*, Case 1:12-cv-01138 (D. Del. Dec. 15, 2014) ("*Jack Henry*"). In further support of this motion, ACI Worldwide states as follows:

1. ACI Worldwide previously filed a Motion to Stay (Filing No. 66 in Case No. 8:13-cv-231[1]) based on an anticipated *Markman* ruling in the *Jack Henry* matter. This Court denied the Motion on August 4, 2014 (Filing No. 81), finding, among other things, that "since the Delaware proceeding appears to be ahead of this proceeding, the parties and the court may yet benefit from its resolution without unnecessary delay here." (*Id.* at p. 3).

---

[1] Hereafter, all references to filing numbers will be to Case No. 8:13-cv-231 unless otherwise noted.

2.      On December 15, 2014, the *Jack Henry* Court ruled on the parties' competing motions for summary judgment regarding invalidity and non-infringement. The Court found that claims in United States Patent No. 7,096,003 (the "'003 Patent") were based on an abstract idea, which is not a patentable subject matter. *Jack Henry*, Case 1:12-cv-01138-SLR, (Filing No. 238 at p. 17)[2]. Because the asserted claims "do not recite patent eligible subject matter," the Court found them invalid and granted Jack Henry & Assoc.'s motion for summary judgment as to invalidity. *Id.* at p. 19. The Court also granted Jack Henry & Assoc.'s motion for summary judgment as to non-infringement, stating "The claims are invalid and, therefore, not infringed." *Id.* at p. 20 (citing *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1320 (Fed.Cir. 2009)). A judgment was then entered in favor of Jack Henry & Assoc. against JBTS. (*Id.* at Filing No. 241)

3.      On January 7, 2015, JBTS filed a Notice of Appeal to the Federal Circuit regarding the judgment. (*Id.* at Filing No. 252).

4.      Thereafter, on January 12, 2015, three other matters also involving the '003 Patent were stayed pending JBTS' appeal[3].

5.      Like the actions currently stayed in Delaware, this matter also involves the alleged infringement of the '003 Patent.

6.      Based upon the above, the arguments previously presented to this Court and those in the memorandum filed contemporaneously herewith, ACI Worldwide seeks

---

[2] A copy of the *Jack Henry* Court's Memorandum Opinion of December 15, 2014 is attached hereto for the Court's convenience.
[3] As discussed in ACI Worldwide's brief accompanying this motion, the defendants in those other matters moved to stay pending the occurrence of one of several events, including a ruling on the summary judgment motions in *Jack Henry*.

to stay the Patent Issues until such time as the Federal Circuit rules on JBTS' pending appeal.

7.  There will be no prejudice to JBTS if the Patent Issues are stayed, as it has had a full and complete opportunity to argue the merits of the asserted claims in the *Jack Henry* matter.

8.  ACI Worldwide, on the other hand, would suffer hardship by being forced to proceed in light of the invalidity determination in the *Jack Henry* matter, in that they would be required to continue to spend thousands of dollars not only in attorney fees but also in expert witness fees in order to assert that their products do not, and cannot, infringe on an invalid patent.

9.  This Court would save time and resources by awaiting guidance from the Federal Circuit as to the enforceability of this federal patent. Continuing with the Patent Issues, however, in light of the final judgment in *Jack Henry*, may lead to inconsistent rulings regarding the validity and enforceability of the '003 Patent.

WHEREFORE, Online Resources Corporation, Inc. and ACI Worldwide, Inc. respectfully ask the Court for the following, pending a ruling by the Federal Circuit Court of Appeals as to the patentability of the '003 Patent:

(a)   to stay the 13-cv-245 matter in its entirety;

(b)   to stay all claims not involving the breach of contract issues in the 13-cv-231 matter; and

(c)   for such other, further, and different relief as to the Court may seem just and proper.

Dated this 29th day of January, 2015.

ACI WORLDWIDE, INC. and ONLINE RESOURCES CORP.,

By _____
Gregory C. Scaglione, #19368
Daniel J. Fischer, #22272
Patrice D. Ott, #24435
John V. Matson, #25278
KOLEY JESSEN P.C., L.L.O.
1125 South 103rd Street, Suite 800
Omaha, NE 68124-1079
(402) 390-9500
(402) 390-9005 (facsimile)
greg.scaglione@koleyjessen.com
dan.fischer@koleyjessen.com
patrice.ott@koleyjessen.com
john.matson@koleyjessen.com

*Attorneys for Online Resources Corporation and ACI Worldwide, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29th day of January, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which sent notification of such filing to the following:

Maureen V. Abbey
HENINGER GARRISON DAVIS, LLC
220 St. Paul Street
Westfield, New Jersey 07090
maureen@hgdlawfirm.com

Steven W. Ritcheson
HENINGER GARRISON DAVIS, LLC
9800 D Topanga Canyon Blvd. #347
Chatsworth, California 91311
switcheson@hgdlawfirm.com

David J. Koukol, SBN 18102
KOUKOL & JOHNSON, LLC
12020 Shamrock Plz., Suite 333
Omaha, Nebraska 68154
dkoukol@westomahalaw.com