IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ONLINE RESOURCES CORPORATION, ACI WORLDWIDE, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>JOAO BOCK TRANSACTION SYSTEMS, LLC,<br><br>Defendant. | **8:13CV231** |
| JOAO BOCK TRANSACTION SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ONLINE RESOURCES CORP.,<br><br>Defendant. | **8:13CV245**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on cross-motions for partial summary judgment filed by Online Resources Corp. ("ORCC") and ACI Worldwide, Inc. ("ACI")[1] and Joao Bock Transaction Systems, LLC,'s ("JBTS"), Filing Nos. 38 and 42 in 8:13-cv-231 ("the -231 action" or "the contract/declaratory relief action); Filing Nos. 53 and 58 in 8:13cv245 ("the -245 action" or "the patent infringement action").[2] These are consolidated actions

[1] For ease of reference, the court will generally refer to filings in the -231 action. Most filings are duplicated in the -245 action.

[2] There is presently pending a renewed motion to stay the patent portion of these proceedings in light of a determination in *Joao Bock Transaction Systems, LLC v. Jack Henry and Assoc.*, Case No. 12-cv-1138 (D. Del. Dec. 15, 2014) ("Jack Henry'), that certain claims in JBTS's '003 Patent are invalid. *See* Jack Henry, Case No. 12-cv-1138, Filing No. 238. (D. Del. Dec 15, 2014). JBTS has appealed that finding. *See id*., Filing No. 252 (D. Del. Jan. 7, 2015).

for patent infringement and breach of contract. The claims and contentions in the two cases are interrelated. The actions involve a license for the use of intellectual property, including United States Patent No. 7,096,003, titled "Transaction Security Apparatus" (hereinafter "the '003 Patent"). JBTS is the owner of the patent.

I. BACKGROUND

In the -231 action, filed in this court on July 31, 2013, ORCC and ACI assert a claim for breach of contract against JBTS and seek a declaration of invalidity and non-infringement of the '003 patent. *See ORCC and ACI v. JBTS*, No. 8:13-cv-00231, Filing No. 1, Complaint at 6-9. The allegations of breach of contract involve a License, Settlement and Release Agreement by and between ACI and JBTS dated November 13, 2012. *See id.,* Filing No. 29, License, Settlement and Release Agreement (hereinafter "the Agreement").[3] ORCC and ACI allege JBTS breached the agreement by filing a suit for patent infringement against ORCC in the Southern District of New York on June 18, 2013. *Id.*, Filing No. 1, Complaint at 6. The patent infringement action that is the subject of the breach of contract claim was later transferred to this court and

---

The court has granted JBTS an extension of time until February 24, 2015, in which to respond to the motions. Resolution of the patent issues affects the breach of contract claim only tangentially, so the court finds it appropriate to resolve the cross motions for summary judgment, regardless of the outcome of the patent case.

[3] In the Complaint, ORCC and ACI identify JBTS as a "patent troll," defined as "a non-operating patent owner . . . that receives a substantial portion of its income by threatening or instituting legal action to enforce dubious patent rights against productive businesses." *See* Filing No. 1, Complaint at 1-2. The Federal Circuit has made it repeatedly clear that a patent owner has a First Amendment right specifically to “threaten suit for infringement.” *See, e.g., Concrete Unlimited, Inc. v. Cementcraft, Inc*., 776 F.2d 1537, 1539 (Fed. Cir. 1985) (patentee “did only what any patent owner has the right to do to enforce its patent, and that includes threatening alleged infringers with suit”). ORCC and ACI have not produced any evidence that the patent-enforcement activities of JBTS and its counsel were objectively or subjectively baseless or taken in bad faith.

docketed as the -245 action. *See JBTS v. ORCC*, No. 8:13-cv-00245, Filing Nos. 13, and 14, transfer orders.

ORCC's and ACI's breach-of-contract claim is premised on the assertion that "ORCC became a part of ACI such that for the purposes of the Agreement, ORCC enjoys the benefits of the rights and protections therein" and the further contention that "ORCC is an intended third-party beneficiary of the Agreement, and as such has standing to enforce the rights and obligations set forth in the Agreement." *See ORCC and ACI v. JBTS*, No. 8:13-cv-00231, Filing No. 1, Complaint at 5.

In answer to the complaint in the -231 action, JBTS generally denies the allegations but admits that it agreed to license, release, and covenant not to sue ACI and its covered affiliates for the intellectual property covered by the Agreement, and further admits that it filed suit against ORCC in New York. *See id.*, Filing No. 17, Answer at 3-5. It further admits that ACI is licensed under the Agreement. *Id.* at 2. JBTS counterclaims for breach of contract and breach of implied covenant of good faith and fair dealing. *Id*. at 9-11. It alleges that ACI breached the agreement by asserting that the '003 patent is invalid. *Id.* at 10. It seeks an adjudication of breach; dismissal of ORCC and ACI's claims; and a permanent injunction preventing ACI from bringing a Declaratory Judgment claim of invalidity of the ’003 Patent. *Id.* at 11-12.

In the -245 action, JBTS alleges that ORCC infringed the '003 patent, either literally or under the doctrine of equivalents, and knowingly and intentionally induced infringement of the patent. *See JBTS v. ORCC*, No. 8:13-cv-245, Filing No. 1, Complaint at 3-10. In answer to the complaint, ORCC denies infringement, but admits it operated a website at www.orcc.com in the past, and asserts the website was closed

after ORCC's merger with ACI. *See id*., Filing No. 32, Answer at 3. As affirmative defenses, ORCC asserts JBTS's claims are barred by the settlement and release, and asserts the '003 patent is invalid and unenforceable. *Id.* at 4-5. It also states "ORCC asserts the same claims [as those asserted in the -231 action] here so as to reserve all rights of counterclaim." *Id*. at 5.

The parties' cross-motions for partial summary judgment generally involve the issue of ORCC's connection to the License, Settlement and Release Agreement that ACI and JBTS entered into on or about November 13, 2012. ORCC and ACI argue that JBTS had sued several of ACI's clients and ACI paid a substantial sum of money to JBTS to secure a settlement of those claims. It contends ORCC is one of the entities protected under the settlement. It argues that JBTS has sued ORCC for patent infringement in violation of the Agreement. ORCC and ACI contend that they are entitled to judgment as a matter of law because the plain, unambiguous language of the Agreement precludes JBTS's patent infringement claims against ORCC in the patent action and also precludes JBTS's counterclaims or breach of contract against ACI in the breach of contract/declaratory judgment action.

In its cross-motion for summary judgment, JBTS contends that ORCC is not covered under the Agreement, the covenant not to sue does not extend to ORCC's premerger activity, and ORCC is not a predecessor to ACI.[4] Further, it contends the evidence shows as a matter of law that JBTS did not breach the Agreement, that

---

[4] Notably, JBTS admits that ORCC became an Affiliate and qualified for the license provided under the Agreement on and after March 11, 2013, and contends it only seeks relief for ORCC's allegedly infringing activities prior to March 11, 2013. *ORCC & ACI v. JBTS*, No. 8:13cv231, Filing No. 44, JBTS Brief at 16-17.

ORCC's activities prior to the merger with ACI are not covered by the Agreement and that JBTS's patent infringement claim which is based on ORCC's activities prior to the merger with ACI, does not constitute a breach of the Agreement. Further, it asserts undisputed evidence shows that ACI has breached the agreement or the covenant of good faith and fair dealing by asserting that the '003 patent is invalid in this action.

The parties generally controvert each other's ostensible statements of undisputed facts in most material respects. *See, e.g., ORCC and ACI v. JBTS*, 8:13cv231, Filing No. 40, ORCC and ACI Brief (restricted) at 2-7; Filing No. 44, JBTS Brief at 2-12; Filing No. 54, ORCC and ACI Brief in Opposition (restricted) at 2-3; Filing No. 58, JBTS Brief in Opposition (restricted) at 2-9. Nevertheless the court can glean material undisputed facts from the parties' submissions.

In support of their motion, ORCC and ACI submit an affidavit showing that ACI acquired ORCC through a tender offer of stock on March 11, 2013.[5] *JBTS v. ORCC*, 8:13cv245, Filing No. 56, Ex. 2, Affidavit of Theodore Rodriguez ("Rodriguez Aff.") at 3; *see also* Filing No. 44, Index of Evid. Ex. 2, Certificate of Ownership and Merger. ACI and JBTS entered into the License, Settlement and Release Agreement concerning the '003 Patent in November of 2012. *See ORCC & ACI v. JBTS,* No. 8:13cv231, Filing No. 29, Exhibit 2, License, Settlement, and Release Agreement (restricted) at 16.

---

[5] The record also shows that ORCC remained a wholly-owned direct subsidiary of ACI Worldwide until January 1, 2014. *ORCC & ACI v. JBTS*, No. 8:13cv231, Filing No. 40, ORCC & ACI Brief at 4. Effective January 1, 2014, as a part of an internal corporate restructuring, ORCC merged with and into Official Payments Corporation ("OPAY"), an indirect wholly-owned subsidiary of ACI, with OPAY as the surviving constituent entity. *Id.* ORCC ceased to exist at that time. *Id*. This fact is of no consequence to this discussion since ACI and ORCC admit that ORCC's rights and liabilities flow to OPAY. *See id*., Filing No. 73, ORCC & ACI Brief in Opposition to Terminating Sanctions at 6 (noting that ACI requested substitution of OPAY for ORCC and stating "[a]s such, JBTS can either substitute the correct party or not. In either case the litigation moves forward and the surviving entity would still be the responsible party.").

At the time ACI and JBTS negotiated and executed the Agreement, JBTS had not sued ACI, but had sued various ACI customers.[6] *JBTS v. ORCC*, Filing No. 56, Ex. 2, Rodriguez Aff. at 2. ACI contacted JBTS to negotiate a global settlement to dismiss the pending suits against ACI customers as well as to obtain releases, licenses and covenants not to sue ACI Worldwide and various other entities and individuals. *Id.* As a result of the Agreement, the pending suits against ACI customers were dismissed. *Id.*

In consideration of the license, releases and covenants, ACI agreed to pay JBTS REDACTED ORCC & ACI v. JBTS, No 8:13cv231, Filing No. 29, Ex. 2, Agreement at 6, ¶ 4.1. In the Agreement, JBTS granted a license to "ACI and its Affiliates" for "Licensed Products and Services sold to ACI Licensed Customers," including the '003 Patent. *See id.* at 5. In the Agreement's "Covenant Not to Sue" section, JBTS agrees that it will not sue "ACI or its Affiliates or ACI Related Entities for claims resolved in the Agreement" and would take actions to dismiss "the currently pending lawsuits against ACI related defendants." *Id.*, ¶ 3.2. The covenant not to sue extends only to ACI, Affiliates, and ACI Licensed Customers' use of an ACI Licensed Products and Services. *Id.* JBTS also expressly agreed not to refile a lawsuit or institute any other type of proceeding for misappropriation, infringement, conversion,

[6] The record shows the following sequence of events with respect to these actions. On June 18, 2013, JBTS filed suit against ORCC in the United States District Court for the Southern District of New York alleging infringement of the '003 Patent. *See ORCC v. JBTS*, 8:13cv245, Filing No. 1, Complaint (originally filed in the Southern District of New York). JBTS served ORCC with the lawsuit on June 21, 2013. *Id.*, Filing No. 3, Affidavit of service. On July 22, 2013, ORCC requested an extension of time in which to answer or otherwise plead. *Id.,* Filing No. 5. On July 31, 2013, ORCC requested a pre-motion conference pursuant to local rules with the court by letter. *Id.*, Filing No. 13. The letter suggested ORCC sought to file a motion to stay or dismiss the action. *Id*. The parties jointly requested that the action be transferred to the district of Nebraska. *Id.* Also on July 31, 2013, ORCC and ACI filed suit against JBTS in this court, alleging breach of the November 2012 Agreement and seeking declaratory judgment of non-infringement and invalidity of the '003 Patent. *See ORCC & ACI v. JBTS,* No. 8:13cv231*,* Filing No. 1, Complaint. The Southern District of New York court transferred the New York lawsuit to this district on August 9, 2013. *See JBTS v. ORCC*, No. 8:13cv 245, Filing No. 14.

etc., against two specified entities— REDACTED

*Id.* at 7, ¶ 4.2.2. Section 6.1 of the Agreement, entitled "Assignment and Change of Control," states the Agreement may be assigned by virtue of a change of control, merger, acquisition or a sale of all of the stock or assets of ACI," provided that "the acquirer of ACI (the acquiring entity) shall not be licensed for products or services of an acquiring entity existing or occurring prior to any merger with ACI, or unrelated to the Licensed Product and Service." *Id.* at 9, ¶ 6.1.

The Agreement defines the terms “ACI,” “ACI Related Entities,” “Affiliates” and “Entity.” *Id.* at 1-3, ¶ ¶ 1.1, 1.4, 1.5, & 1.7. An “ACI Licensed Customer” is defined as a

REDACTED

Id. at 1-2, ¶ 1.2. The Agreement defines “ACI Related Defendants” as REDACTED

" *Id.* at 2 ¶ 1.7. “ACI Related Entities” are defined as

REDACTED

REDACTED

Id., ¶ 1.4. An "Affiliate" is defined in the Agreement as REDACTED ."[7] *Id.*, ¶ 1.5. Nebraska law governs the dispute. *Id.* at 12, ¶ 7.6.

The parties also agreed that "[f]or the avoidance of doubt, REDACTED . *Id*. at 7, ¶ 4.3. ACI agreed " REDACTED

[7] With respect to pre-acquisition conduct, ORCC argues that it is entitled to the benefits of the agreement as an "affiliate" or ACI related entity." *ORCC & ACI v. JBTS*, No. 8:13cv231, Filing No. 40, Brief at 12-13. It relies on the provision that an REDACTED . *See id*., Filing No. 54, ORCC and ACI Brief at 6. It presents the wholly specious argument that REDACTED does not include a temporal limit and REDACTED are not limited to REDACTED existing at the time the agreement was executed. *Id.* Thus, ORCC argues the Agreement creates "a defined class that can change as ACI Worldwide, a sophisticated, publicly traded corporation, operates and implements corporate restructures and acquisitions." *Id.* In support of this novel proposition, ORCC cites only the dictionary definition of REDACTED an inapposite case involving a covenant not to compete in a franchise agreement. *Id.* at 6-7. A more appropriate analysis of the contract language would note that the agreement is phrased in the present tense and includes references to "currently pending lawsuits," and to " REDACTED " etc., indicating that the clause is properly interpreted as meaning the agreement includes REDACTED . *See id*., Filing No. 29, Ex. 2, Agreement at 6, ¶ 3.2; 3, ¶ 2.1.

REDACTED

." *Id*. at 8, ¶ 5.1.

In support of its motion, JBTS submits evidence showing that it alleged patent infringement against ORCC based on allegations that ORCC

> owns, operates, advertises, implements, and controls its website, www.orcc.com, and related ORCC-branded websites and customer-branded websites as well as functionality modules and/or programming modules to support its products and services that infringe the '003 Patent, including but not limited to: the Advantage suite of Internet Banking and Bill Payment services (the 'Accused Products and Services'); it is through these websites and modules that Defendant advertises, sells, offers to sell, and/or instructs customers how to use the Accused Products and Services.

*See ORCC & ACI v. JBTS*, No. 8:13cv231, Filing No. 45, Index of Evid., Ex. 4, Complaint at 5-6.

II. LAW

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The movant 'bears the initial responsibility of informing the district court of the basis for its motion, and must identify 'those portions of

[the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042, (8th Cir. 2011) (*en banc*) (quoting *Celotex*, 477 U.S. at 323). If the movant does so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting *Celotex*, 477 U.S. at 324). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)("The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.").

A "genuine" issue of material fact exists "when there is sufficient evidence favoring the party opposing the motion for a jury to return a verdict for that party." *Anderson,* 477 U.S. at 251-52. If "reasonable minds could differ as to the import of the evidence," summary judgment should not be granted. *Id*. at 251.

The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences. *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003). "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations." *Id*. "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004).

A filing of cross-motions for summary judgment does not "necessarily indicate that there is no dispute as to a material fact, or have the effect of submitting the cause to a plenary determination on the merits." *Wermager v. Cormorant Twp. Bd.*, 716 F.2d

1211, 1214 (8th Cir. 1983). Consequently, "where conflicting inferences as to a material fact may reasonably be drawn from the materials before the court, the case is not appropriate for summary judgment." *Id*.

Under Nebraska law, the meaning of a contract and whether a contract is ambiguous are questions of law. *Kluver v. Deaver*, 714 N.W.2d 1, 5 (Neb. 2006). A contract written in clear and unambiguous language is not subject to interpretation or construction and must be enforced according to its terms. *Lexington Ins. Co. v. Entrex Commc'n Servs.*, 749 N.W.2d 124, 132 (2008). A contract is ambiguous when a word, phrase, or provision in the contract has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings. *Id.* A contract must receive a reasonable construction, and a court must construe it as a whole and, if possible, give effect to every part of the contract. *Id.* A determination as to whether ambiguity exists in a contract is to be made on an objective basis, not by the subjective contentions of the parties; thus, the fact that the parties have suggested opposing meanings of the disputed instrument does not necessarily compel the conclusion that the instrument is ambiguous. *Ruble v. Reich*, 611 N.W.2d 844, 850 (Neb. 2000). If a contract is ambiguous, the meaning of the contract is a question of fact, and a court may consider extrinsic evidence to determine the meaning of the contract. *Id.*; *Eagle Run Square II v. Lamar's Donuts Int'l*, 740 N.W.2d 43 (Neb. 2007).

The long-established general rule is that a corporation that purchases the assets of another corporation does not succeed to the liabilities of the selling corporation. *Jones v. Johnson Mach. & Press Co. of Elkhart, Ind.*, 728 320 N.W.2d 481, 483 (Neb. 1982). There are four well-recognized exceptions to the general rule under which

liability may be imposed on a purchasing corporation: (1) When the purchasing corporation expressly or impliedly agreed to assume the selling corporation's liability; (2) When the transaction amounts to a consolidation or merger of the purchaser and seller corporations; (3) When the purchaser corporation is merely a continuation of the seller corporation; or (4) When the transaction is entered into fraudulently to escape liability for such obligations. *Id.* Conversely, "when two or more corporations effect a merger or consolidation, the 'surviving corporation possesses . . . all the rights, privileges, immunities, and franchises,'" as well as all the property—real, personal, and mixed, including the debts—of each of the merging corporations." *ADT Sec. Servs., Inc. v. A/C Sec. Sys., Inc.*, 736 N.W.2d 737, 757 (Neb. App. 2007) (quoting *Kimco Addition v. Lower Platte South N.R.D.*, 440 N.W.2d 456, 461 (Neb. 1989). One factor that leads to a conclusion that a purchasing corporation should be held liable for the obligations of a predecessor entity is whether the parties describe the transaction as a merger. *Earl v. Priority Key Servs., Inc.*, 232 Neb. 584, 588 (1989).

## III. DISCUSSION

The court first finds that the agreement at issue is not ambiguous. The contract is written in clear and unambiguous language, is not subject to interpretation or construction, and must be enforced according to its terms. The contract clearly and unambiguously grants a license to ACI and "its affiliates and related entities." In exchange for certain consideration, JBTS agrees to release claims for patent infringement against ACI and its affiliates. Under the Agreement's definitions of covered entities, ORCC was not an ACI affiliate when the Agreement was executed on November 13, 2012.

ACI acquired ORCC and its subsidiaries through merger on March 11, 2013. There is no dispute that the acquisition was accomplished through a tender of stock and was a merger not an asset purchase. The evidence supports the finding that the transaction is a consolidation or merger of the purchaser and seller corporations and the purchaser corporation continued the operations and activities of the seller corporation.[8] As a continuation of ORCC, ACI assumes its debts, obligations, and liabilities.

The fact that ORCC was later acquired by ACI, became an affiliate and was consequently an entity covered by the licensing agreement from and after the merger date is of no consequences to ORCC's pre-merger liabilities for alleged patent infringement. ACI effectively acquired those liabilities when it merged with ORCC. The license affects only ORCC's post-merger liability for patent infringement, essentially providing a defense to any allegations of patent infringement, but has no effect on pre-merger conduct.

ORCC's liability for any such infringement flows through to the merged entity, but the converse, however, is not the case. ACI cannot effectively achieve a retroactive benefit of the license by virtue of the merger. There is no evidence suggesting that ORCC was an intended third-party beneficiary of the contract or that the parties contemplated covering ORCC when they negotiated the Agreement. ORCC cannot be absolved of liabilities because ACI had a licensing agreement to which ORCC was not a party. This was a transaction between sophisticated business people. Any intention to

---

[8] The later transaction involving ORCC and OPAY does not appear to have any effect on the issues addressed on the summary judgment motion.

cover ORCC's liability could easily have been included in the contract's language by specific reference to ORCC, such as that provide with respect to numerous entities.

ORCC's and now ACI's argument that the agreement somehow applies retroactively to cover ORCC's conduct before the merger lacks any basis in fact or law. ACI has no retroactive license to cover ORCC prior to the merger. Prior to March 11, 2013, ORCC is simply an unrelated third party. The court finds the JBTS's license to ACI does not immunize ORCC, and consequently ACI as its successor, from liability for infringement prior to ORCC's merger with ACI.

The patent infringement action filed by JBTS against ORCC is based on products and services offered by ORCC prior to the merger with ACI. Because ORCC was not a part of or covered by the release agreement, JBTS did not breach the agreement by suing ORCC for alleged pre-merger patent-infringement.

The finding that the settlement and release does not apply to ORCC's pre-merger conduct is not dispositive of the issue of alleged breach of § 5.1 of the contract, the agreement not to challenge validity, by ACI. Whether ACI breached the agreement by "cooperating in an attempt to invalidate any of the patents covered in the license agreement" by filing an action for a declaration of invalidity in the -231 action is complicated by the merger. Just as JBTS may assert an infringement claim for pre-merger conduct, ACI, as ORCC's successor, may assert the defense of invalidity. The Agreement has no effect on pre-merger activities. By asserting the defense of invalidity to what is essentially an infringement claim against ORCC, its predecessor, ACI cannot be said to be in breach of the Agreement. It is standing in the shoes of ORCC and can assert whatever defenses ORCC would have available to it. Accordingly, the Court

finds JBTS is not entitled to a declaration that ACI is in breach of clause 5.1 of the agreement.[9]  Having resolved the cross-motions for summary judgment on the breach of contract claims and counterclaims, the remaining issues are duplicative of the claims and defenses in the patent action and will be dismissed as such.

IT IS ORDERED:

1.  Online Resources Corp.'s and ACI Worldwide, Inc.'s, motion for partial summary judgment (Filing No. 38 in 8:13-cv-231) is denied.

2.  Online Resources Corp.'s motion for partial summary judgment (Filing No. 53 in 8:13cv245) is denied.

3.  Joao Bock Transaction Systems, LLC's, motions for summary judgment (Filing No. 42 in 8:13-cv-231 and Filing No. 58 in 8:13cv245) are granted in part and denied in part as set forth in this order.

4.  Joao Bock Transaction Systems, LLC is entitled to a declaratory judgment that the Agreement at issue does not apply to Online Resources Corp.'s pre-merger conduct will issue this date.

5.  Online Resources Corp.'s and ACI Worldwide, Inc.'s, breach of contract claim against Joao Bock Transaction Systems, LLC in 8:13-cv-231 is hereby dismissed.

6.  Online Resources Corp.'s and ACI Worldwide, Inc.'s claims for a declaration of non-infringement and invalidity are duplicative of defenses asserted in 8:13-cv-245 and are hereby deemed merged into that action and dismissed herein as duplicative.

---

[9] JBTS presents no authority for its prayer for relief in the form of an order enjoining ACI from asserting any claims of invalidity.  Because injunctive relief is an extraordinary remedy, the court declines to grant the relief.  Patent issues can be resolved in the patent case.

7. Joao Bock Transaction Systems, LLC's, counterclaim for breach of contract in 8:13-cv-231 is hereby dismissed.

8. This action is dismissed.

DATED this 2nd day of March, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge